Coleman v. Reel.

---

## COLEMAN v. REEL.

1. **Levy:** ON MORTGAGED CHATTELS: NOTICE. When an officer knows that chattels upon which he is about to levy are mortgaged, though he does not know to whom, he cannot escape liability to the mortgagee if he makes the levy and converts the property.

2. **Judgment:** IN REPLEVIN: INDEFINITENESS: NO PREJUDICE. A judgment in a replevin suit will not be reversed on account of indefiniteness in the description of the property where, from the whole entry, no harm could result therefrom.

3. **Evidence:** ERROR IN ADMISSION: CURED BY JUDGMENT. Error in admitting evidence of special damages is no ground for the reversal of a judgment which does not include any special damages.

*Appeal from Pottawattamie District Court.*—Hon. GEORGE CARSON, Judge.

FILED, OCTOBER 3, 1888.

ACTION to recover the possession or the value of certain personal property. Trial to the court, judgment for the plaintiff, and the defendant appeals.

*Fremont Benjamin*, for appellant.

*I. L. Statzell*, for appellee. ·

SEEVERS, C. J.—It is stated in the petition that the plaintiff is the owner of "two red heifers, with some white in forehead, two years old ;  *  *  *  one single buggy ;  *  *  *  one iron-gray mare colt, about eight months old ;  *  *  *  one bay spotted horse colt, about ten months old ;  *  *  ·*  three Poland sows and eleven pigs, about seven months old.  *  *  *" And such ownership is claimed. under a chattel mortgage executed by one Collver, which had been duly acknowledged and recorded. It is stated in the petition that notice in writing of plaintiff's ownership of said property had been duly served on the defendant, and a copy of such notice is attached to and made a part of the petition. It is further stated that the defendant had actual notice of the mortgage. The defendant denied the allegations of the petition, but admitted that he, as sheriff, took possession of the property under and by virtue of a certain writ of attachment against said Collver.

I. It is insisted that the court erred in permitting the mortgage to be introduced in evidence, because the description of the property therein is not sufficient, and that the recording of such mortgage did not impart constructive notice thereof. We find it unnecessary to determine this question, for the reason that there was evidence tending to show that the defendant had actual notice that the property was mortgaged. Such evidence was sufficient to warrant the court in making the finding it did, and we cannot disturb it, under the settled practice of this court. The court was justified in finding that at the time the defendant made the levy he was notified that the property was mortgaged. This was sufficient to put him on inquiry, although he was not informed that the mortgage had been given to the plaintiff. We the more readily reach this conclusion, because we incline to

1. LEVY : on mortgaged chattels: notice.

VOL. 75—20

Coleman v. Reel.

think, taking the mortgage altogether, it was sufficient to impart constructive notice to the world.

II. We understand the record to show that all the property levied upon and described in the petition had been released by the defendant, except the two colts, and that the only controversy on trial was as to them. The value of the colts was proved to be one hundred dollars, and there is no evidence contradictory thereto. The court rendered judgment for the plaintiff for the " possession of the property in controversy, and in default of the return of said property " the court found the value thereof to be one hundred dollars, and judgment was rendered, therefore, for the plaintiff for that amount. It is insisted that the judgment is erroneous, because under it the plaintiff is entitled to the possession of all the property described in the petition. It would have been more definite and certain if the judgment had specifically described the property in controversy; but, inasmuch as the record as a whole sufficiently indicates and points it out, we feel sure that the plaintiff is not entitled to have the judgment reversed.

*2. JUDGMENT : in replevin : indefiniteness : no prejudice.*

III. It is insisted that the court erred in admitting evidence tending to show that the plaintiff sustained special damages by being deprived of the possession of the property. As the court did not render a judgment for any damages, the error, conceding it to be one, was not prejudicial. It is said that there is no sufficient evidence showing the service of the notice of ownership ; but we think it was clearly sufficient, and that there is no error in this record.

*3. EVIDENCE : error in admission : cured by judgment.*

AFFIRMED.