M. B. MILLER, appellee, v. TOWN OF ANKENY, appellant.

No. 50628.

1056

May 8, 1962.

Hansen, Wheatcraft & Galvin, of Des Moines, for appellant.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, of Des Moines, for appellee.

GARFIELD, C. J.—This is a law action in three counts by a landowner-occupant against the Town of Ankeny for damages from alleged nuisance in the operation of its sewage disposal plant. From judgment on jury verdict for plaintiff of $4700 on Count II only, defendant has appealed. Error is assigned in admission of evidence, instructions to the jury and refusing to order a new trial or remittitur because of alleged excessive verdict.

Plaintiff's first count claimed his land was diminished in value by a nuisance alleged to be permanent. Count II, on which plaintiff recovered, claimed inconvenience and discomfort to him and his family from a temporary, continuing nuisance. The third count claimed diversion of surface water. All three counts were submitted to the jury. We may disregard Count III. Count I is material only in considering the first error assigned, relating to admission of evidence.

Plaintiff owns a farm of 127 acres on which he, his wife, son and the son's wife live in two separate dwellings. Delaware Road runs north and south along the west side of the farm, a mile east of Highway 69 through Ankeny. Enterprise Road runs east and west a third of a mile north of plaintiff's farm. In 1960 defendant built a new sewage disposal plant on five and one-half acres just north of plaintiff's land. The plant is a little over 1200 feet north of plaintiff's dwelling and about 350 feet farther north of the son's dwelling. The inconvenience and discomfort to plaintiff and his family on which his Count II is based is said to come from noxious odors from the plant.

I. Defendant's first assigned error is the admission, over its objection of incompetent, irrelevant, immaterial and not relating to any proper measure of damages, of testimony of plaintiff's witness Lindley Finch, president of a Des Moines bank, that the mere location of a sewage disposal plant on the boundary of such a farm as plaintiff's would reduce its value, as a farm, for loan purposes. Over defendant's objection on like grounds and additional ones the witness was also permitted to say the 23½ acres of the farm that lie within 1200 feet of defendant's plant could not be laid out for residential development purposes with a decent financing program.

At the conclusion of all the evidence plaintiff moved the court to strike and withdraw from jury consideration the first mentioned answer of Finch and to admonish the jury to disregard it. Of course the court sustained the motion, struck the evidence and directed the jury to disregard it. The instructions to the jury reminded it of this admonition and again directed that the evidence be ignored. The witness's second answer, above referred to, remained in the record.

Defendant contends it was error to receive each of Finch's answers and the first was so prejudicial to defendant the error was not cured by its withdrawal and the admonition to the jury to disregard it. In support of the claimed error in receiving the evidence it is argued the mere location of an undesirable building in the neighborhood gives rise to no cause of action unless it is a nuisance per se and, it is said, a sewage disposal plant is not per se a nuisance.

It is true we have held a sewage disposal plant is not a nuisance per se but a nuisance in fact or per accidens. Ryan v. City of Emmetsburg, 232 Iowa 600, 603, 4 N.W.2d 435, 438, and citation. This seems to be the view generally expressed in the decisions. Annotation, 40 A. L. R.2d 1177, 1181, 1192. See also Wesley v. City of Waterloo, 232 Iowa 1299, 1302–1305, 8 N.W. 2d 430, 431, 432; McGill v. Pintsch Compressing Co., 140 Iowa 429, 435, 436, 118 N.W. 786, 20 L. R. A., N. S., 466.

As stated, plaintiff's Count I claimed damages for diminished land value occasioned by a nuisance alleged to be permanent. This pleaded not only such diminution in value but also that the residential development potential of plaintiff's 23½ acres lying within 1200 feet of defendant's plant was eliminated by its construction and operation. The testimony of Finch was relevant, if at all, only to the issues raised by Count I. Count II made no claim for diminution in value of plaintiff's land but only for inconvenience, discomfort and interference with enjoyment of plaintiff and his family caused by odors from the plant.

In view of the withdrawal of Finch's first answer above referred to, the court's admonition to the jury (both at the time of such withdrawal and in the written instructions) to disregard it and the verdict for defendant on Count I, we hold admission of the Finch testimony, if error, was not sufficiently prejudicial to defendant to warrant reversal.

Ordinarily error in admission of evidence is cured by its withdrawal and instructing the jury to disregard it. Bachelder v. Woodside, 233 Iowa 967, 974, 9 N.W.2d 464, 467, and citations; State v. Caringello, 227 Iowa 305, 288 N.W. 80, and citations; Edmonds v. Heil, 333 Ill. App. 497, 77 N.E.2d 863, 873; 5A C. J. S., Appeal and Error, section 1737; 3 Am. Jur., Appeal and Error, section 1041.

Improper testimony may leave such strong impression on the jury that its withdrawal and instruction to disregard it do not cure the error in admitting it. See authorities last above; also Brown Land Co. v. Lehman, 134 Iowa 712, 715, 112 N.W. 185, 12 L. R. A., N. S., 88, and citations; Devore v. Schaffer, 245 Iowa 1017, 1022, 65 N.W.2d 553, 555, 556, 51 A. L. R.2d 1041; Throckmorton v. Holt, 180 U. S. 552, 567, 21 S. Ct. 474, 480, 45 L. Ed. 663, 671. In view of the verdict for defendant on plain-

tiff's Count I we cannot agree the first answer of the witness Finch, if improper, left a prejudicial effect on the jury after its withdrawal and instruction to disregard it.

■ Error in admitting evidence is harmless where it relates to an issue on which there is a verdict in favor of the complaining party. Coleman v. Reel, 75 Iowa 304, 306, 39 N.W. 510, 9 Am. St. Rep. 484; Edmonds v. Heil, supra, 333 Ill. App. 497, 77 N.E.2d 863, 871, 872; Jordan v. Adams Gaslight Co., 231 Mass. 186, 120 N.E. 654, 655; 5A C. J. S., Appeal and Error, section 1736a, page 1036; 3 Am. Jur., Appeal and Error, section 1042. Thus the verdict for defendant on plaintiff's Count I rendered harmless the admission of both answers of Mr. Finch of which defendant complains.

■ Defendant claims something for the fact the court did not instruct the jury Finch's second answer should be considered only in connection with plaintiff's Count I. A sufficient answer is that defendant did not request such a limiting admonition or instruction nor object on this ground to the instructions given the jury. Kiger v. Meehan, 253 Iowa 746, 752, 753, 113 N.W. 2d 743, 747, 748, and citations.

II. There is no merit to defendant's objections to the instructions.

Plaintiff's Count II alleged the operation of defendant's plant produces and distributes foul, noxious, nauseating and vile odors so the air in and about plaintiff's home and farm becomes sickening and nauseating, causing serious inconvenience and discomfort to plaintiff and his family. In stating the issues to the jury the instructions repeated this language but made it clear it was merely plaintiff's claim and not to be taken as evidence. Instruction 5 told the jury plaintiff must prove by a preponderance of the evidence the foregoing allegations, repeating them, and others before he could recover on Count II.

Instruction 8 stated cities and towns are authorized by law to construct and operate such sewage disposal plants as defendant maintains but this does not mean they are relieved from liability if operation and maintenance of the plant constitute a nuisance. The word "nuisance" is used twice in this instruction.

■ Defendant argues instructions 5, 8 and 11 (we refer to 11 in Division III hereof) unduly emphasized plaintiff's theory

of the case. It is true instructions should not give undue emphasis to any phase of the case favorable to either side, and even correct statements of the law, if repeated to the point of such undue emphasis, may constitute reversible error. Clarke v. Hubbell, 249 Iowa 306, 316, 86 N.W.2d 905, 911, and citations; Mason v. Loyal Protective Life Ins. Co., 249 Iowa 1167, 1174, 91 N.W. 2d 389, 393.

█ Although the instructions might have somewhat condensed the allegations of Count II, they are not fairly subject to the objection urged against them. Indeed it may be argued that in requiring proof of foul, noxious, nauseating *and* vile odors, so the air becomes sickening *and* nauseating, causing sericus inconvenience *and* discomfort to plaintiff and his family, the instructions placed an undue burden on plaintiff.

█ III. Instruction 12 defined nuisance in the terms of section 657.1, Code, 1958, as "Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, * * *." It went on to define a permanent nuisance and temporary one. No complaint is made of this instruction. Instruction 11 told the jury in part, "A nuisance is a condition, and not an act or failure to act on the part of the person responsible for the condition." It went on to define a private nuisance.

Defendant objected to the quoted part of instruction 11 as detracting from No. 12, confusing as to what is a nuisance and, because it did not define "condition", permitting the jury to speculate as to what a nuisance is. The quoted language is apparently taken verbatim from Bowman v. Humphrey, 132 Iowa 234, 236, 109 N.W. 714, 715, 6 L. R. A., N. S., 1111, 11 Ann. Cas. 131. It is quoted with approval in Ryan v. City of Emmetsburg, supra, 232 Iowa 600, 605, 4 N.W.2d 435, 439, and Iverson v. Vint, 243 Iowa 949, 952, 54 N.W.2d 494, 496. See also 39 Am. Jur., Nuisances, section 24, page 306.

We think the inclusion of the quoted language in instruction 11, when considered with all the instructions, did not constitute reversible error upon the grounds asserted by defendant. The word "condition" is of such general use the court was not required to define it.

IV. Defendant's remaining contention is that the court erred in not granting a new trial or ordering a remittitur because of the claimed excessiveness of the verdict for $4700.

Where, as here, a nuisance is not permanent but subject to abatement, in the absence of injury to the property itself, the measure of damages is the diminution in rental value caused by the nuisance together with such special damages, as for discomfort and annoyance, as may result therefrom. This rule applies even though plaintiff is both owner and occupant of his premises. Kellerhals v. Kallenberger, 251 Iowa 974, 981, 982, 103 N.W.2d 691, 695, and citations; Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 1115, 109 N.W.2d 695, 702.

Defendant's plant had been in operation about 10 months prior to the trial (the exact time is not shown). The verdict is for inconvenience and discomfort from odors during that period. No monetary loss is shown. No diminution of rental value is claimed. Plaintiff is a printer by trade who is home nearly every evening. His wife is home continually in the daytime.

Plaintiff testified he could smell odor at times everyday, then it might miss a day or two depending on direction of the wind; even if the wind was in the south they would get an odor occasionally; on the average they would get an odor three times a week lasting from one to five hours, perhaps longer; the odor was quite sickening when they sat down to eat and it did not help his appetite; once a neighbor asked, "What stinks around here?" He described the odor as like that from an outhouse or worse. Plaintiff's son corroborated him as did plaintiff's wife to some extent. Other witnesses also corroborated plaintiff.

Defendant produced a number of witnesses who contradicted the testimony for plaintiff as to frequency and intensity of odors from the plant.

Plaintiff raised both cattle and hogs on his farm. The sewage from his home went into a septic tank from which there was a discharge a few feet from the home. Prior to operation of defendant's present plant, sewage from its old plant emptied into a ravine which flows across the farm within about 600 feet from plaintiff's dwelling. Plaintiff insisted the odors from his feed lots, his septic tank and sewage from the old plant were not

annoying. He admitted that aside from odors from defendant's new plant his farm smelled like most farms.

In passing on defendant's claim the verdict was excessive the trial court expressed the opinion it was generous, more than he would have allowed had it been his duty to fix the amount, but he was satisfied there was no passion, prejudice or sympathy in reaching the verdict and therefore it must stand. The court's ruling is open to the construction he felt he could not interfere because of the size of the verdict unless it was the result of passion, prejudice or sympathy.

 We think a trial court and, to a lesser extent, this court should not approve a verdict found to be excessive because not supported by sufficient evidence even in the absence of passion, prejudice or sympathy on the part of the jury.

Jurgens v. Davenport, R. I. and N. W. Ry. Co., 249 Iowa 711, 723, 724, 88 N.W.2d 797, 805, says: "We conclude that the verdict here, while not so excessive as to show passion and prejudice requiring a new trial, is beyond the fair province of the jury to award upon the evidence before it. * * * It seems the amount awarded was not justified by the evidence and must have been reached in disregard of it." We then proceed to order a remittitur of about thirty per cent of the verdict as a condition of avoiding a new trial.

Heerde v. Kinkade, 249 Iowa 85, 89, 85 N.W.2d 908, 911, states: "We have often recognized that an excessive verdict is not necessarily the result of passion and prejudice, and that justice may sometimes be effectuated by a remittitur in the absence of passion and prejudice. Curnutt v. Wolf, 244 Iowa 683, 689, 57 N.W.2d 915, citing cases." We then order a remittitur of substantially forty per cent of the verdict for actual damages as a condition of avoiding a new trial.

This is from Curnutt v. Wolf, supra: "However, this court has, through a long line of decisions, recognized the fact that an excessive verdict is not necessarily a verdict which results from passion and prejudice, and that justice may be effectuated by a remittitur [citations]."

See also Ferris v. Riley, 251 Iowa 400, 413, 414, 101 N.W. 2d 176, 184, and citations. In the cited case we held no improper motive for the verdict appeared but ordered a remittitur

on pain of granting a new trial because the verdict was beyond the limits of fair compensation for the injuries shown. Fredrickson v. Heline, 252 Iowa 92, 93–96, 106 N.W.2d 74, 76, 77, may also be cited.

It is true the jury has a good deal of discretion in awarding damages in cases of this kind and many others where damages may not be precisely measured. Also, we must be careful not to invade the province of the jury in ordering a conditional remittitur. Ferris v. Riley, supra. With these and other matters in mind we are persuaded $3000, with interest at five per cent from June 8, 1961, is as large a verdict as the evidence justifies and all in excess thereof must be remitted if a new trial is to be avoided. If plaintiff files such remittitur within 30 days from the filing of this opinion the case shall stand affirmed. Otherwise a new trial will be granted. If such remittitur is so filed, costs in this court shall be equally divided. Otherwise all such costs will be taxed to plaintiff.—Affirmed on condition.

All JUSTICES concur except MOORE, J., who takes no part.