EUGENE T. LAREW, MARIE LAREW et al., appellants, v. IOWA STATE HIGHWAY COMMISSION, appellee.

No. 51479.

(Reported in 130 N.W.2d 688)

OCTOBER 20, 1964.

REHEARING DENIED DECEMBER 15, 1964.

D. C. Nolan, Edward W. Lucas and John T. Nolan, all of Iowa City, for appellants.

Evan Hultman, Attorney General, of Des Moines, C. J. Lyman, Special Assistant Attorney General, of Ames, and William L. Meardon, of Iowa City, for appellee.

THOMPSON, J.—It makes a vast difference whose ox is gored. This is the second appearance of this case in this court. See Larew v. Iowa State Highway Commission, 254 Iowa 1089, 120

N.W.2d 462. In that case, the jury had returned a verdict fixing the damages for the taking of plaintiffs' property at $3000. The trial court, being of the opinion the allowance failed to administer substantial justice, granted plaintiffs a new trial.

The highway commission, hereinafter referred to as the defendant, appealed, urging strongly that the trial court had no right to weigh the evidence and to substitute its evaluation of the facts for that of the jury. The plaintiffs as strongly contended for the right of the court to do so. We affirmed, saying: "A new trial should be granted when the trial court feels the verdict fails to administer substantial justice or it appears the jury has failed to respond truly to the real merits of the controversy." Larew v. Iowa State Highway Commission, 254 Iowa 1089, 1094, 120 N.W.2d 462, 464.

So the case was tried again, with a different judge presiding. On the second trial, the jury returned a verdict fixing the award to the plaintiffs at $13,000. This time the defendant asked a new trial, alleging as one ground that the verdict was excessive in the light of the evidence. The trial court agreed with this contention, saying: "This Court is of the opinion that the verdict in this case was grossly excessive. The only question in the Court's mind is whether the verdict should be reduced or set aside." The court concluded that the interests of the parties and of justice would be better advanced by giving the plaintiffs the option of filing a remittitur of all in excess of $6500, or taking a new trial if they elected not to remit. The plaintiffs refused to remit, and they now appeal from the grant of a new trial.

On this appeal, the parties reverse their contentions made in the first case. They have exchanged positions. It is now the plaintiffs who deny the right of the trial court to weigh the evidence and to find the verdict unsupported by the facts shown; while the defendant contends the court had such right and was within its fair discretion in finding the verdict "grossly excessive" and in ordering a remittitur or a new trial, at the election of the plaintiffs.

We imply no criticism. It is the right, no doubt the duty, of counsel to protect the rights of clients in all honorable ways; and if, in so doing, somewhat contradictory positions become

necessary, no odium attaches. Without doubt, both parties think there is a distinction between the two cases, which they are entitled to make. So we turn to the case at hand, the second appeal.

As the trial court said, the evidence on the two trials in the district court was substantially the same. So we have the situation in which on the first trial the court found the verdict inadequate and set it aside; and on the second trial, that the verdict was excessive and awarded a new trial upon the refusal of the plaintiffs to remit. We must consider the state of the law in Iowa upon the right of the trial court to exercise its discretion in interfering with the verdict of the jury in eminent domain cases.

 I. That the court may exercise a fair discretion in so doing is too well settled in Iowa to admit of serious challenge. In fact, we so held on the first appeal in this case. There is a serious question whether the court is not substituting its decision on the facts for that of the jury, in all cases where a new trial is granted, or a remittitur ordered, when there is an insufficient showing that the verdict was the result of passion and prejudice. But we have repeatedly held that the court may interfere when it appears the amount of verdict is not supported by the evidence or that the jury has failed to truly respond to the evidence. Grant v. Thomas, 254 Iowa 581, 584, 585, 118 N.W.2d 545, 547, 548; Miller v. Town of Ankeny, 253 Iowa 1055, 1063, 1064, 114 N.W.2d 910, 915; Stortenbecker v. Iowa Power & Light Co., 250 Iowa 1073, 1083, 96 N.W.2d 468, 474; Jurgens v. Davenport, Rock Island & Northwestern Ry., 249 Iowa 711, 723, 724, 88 N.W.2d 797, 805. Many other cases might be cited. In some cases, we have affirmed the order of remittitur made by the trial court; in others, we have made such orders ourselves.

It is plausibly argued that any interference of the courts with jury verdicts, absent a sufficient showing of passion and prejudice, amounts to no more than a substitution of the court's determination of the facts for that of the jury. For an extensive discussion of the entire question of remittiturs see Remittitur of Jury Verdicts in Iowa, 48 Iowa Law Review, No. 3, 649 to 665 inclusive. But however that may be, the right of the courts to hold that the verdict of the jury is not supported by the evidence

is too well settled in this state to permit a change of front now. Indeed, while as we have often said the right is one which should be sparingly exercised and the utmost care should be taken not to intrude upon the prerogatives of the jury, see Miller v. Town of Ankeny, supra, and Ferris v. Riley, 251 Iowa 400, 413, 414, 101 N.W.2d 176, 184, there is overwhelming authority in our cases for the proposition that remittitur may be required in a proper case.

The interference with the verdict, whether because it is thought inadequate or excessive, must be within the fair discretion of the court. In Grant v. Thomas, supra, we said: "The trial court has broad discretion in granting a new trial conditioned upon a remittitur to a set amount. We will not interfere with its ruling on a motion for new trial unless there appears to have been an abuse of discretion. [Authorities cited.] This discretion extends to the amount of the remittitur as well as the decision to grant or refuse a new trial." Loc. cit. 254 Iowa 584, 585, 118 N.W.2d 548.

We have on occasion found an abuse of discretion in the trial court when it ordered a remittitur or a new trial, and so have reversed. Mazur v. Grantham, 255 Iowa 1292, 125 N.W.2d 807, 813, 814. There we said there was no basis for a reduction, and that "There is support in the evidence for a substantial award. The verdict is within the fair range of the testimony. For us to interfere merely substitutes our judgment for that of the jury, this should be done with extreme caution." Loc. cit. 255 Iowa 1304, 125 N.W.2d 814.

II. This raises the question of what standards should be applied in determining whether there has been an abuse of discretion by the trial court in ordering a remittitur or a new trial. Our cases are not enlightening on this point. We have sometimes seemed to say that the trial court need not give any reason for thinking the verdict unsupported by the evidence; and again, we have pointed out features in the proof which were thought to justify an interference with the award. It is our conclusion that something should be shown which goes beyond the mere unsupported statement of the trial court that the verdict is inadequate or excessive. Its discretion should not rest solely

upon its own opinion of the evidence unless something appears in the record which justifies it.

In the case at bar, there was evidence of value experts which supported the amount of the jury verdict. There was also a showing that, while not much of plaintiffs' land was taken, there was serious interference with their right of access to their property. These things, if nothing else appeared, might deny the right of the court to interfere. There is, however, another feature of the case which we think supports the discretion of the trial court in taking the action it did.

The factual situation is sufficiently shown in our opinion on the first appeal, and we shall not again detail it. The trial court in the instant case pointed out that the jury in the first case had returned a verdict for $3000, and that there was not much difference in the evidence in the two cases. The verdict of the second jury was for some four and one-third times as much as the first jury thought adequate. The difference of $10,000 in the two verdicts was a proper matter for the consideration of the court.

Prior verdicts rendered upon substantially the same evidence in the same case are a proper consideration for the court in passing upon a motion for new trial. More caution should be exercised in granting a second new trial because of an excessive amount, but it may be done. Ladwig v. Supreme Assembly Equitable Fraternal Union, 125 Minn. 72, 145 N.W. 798, 799.

If there have been two verdicts of substantially the same amount, rendered on two separate trials, the courts almost universally decline to grant a second new trial because the evidence does not support the second verdict, if there is any substantial evidence to uphold it. This question was discussed and decided in Mevorah v. Goodman, N. D., 68 N.W.2d 469, 474 to 476 inclusive. There, after stating the rule that whether a new trial shall be granted rests largely within the discretion of the trial court, and pointing out that the lower court had refused to award a new trial in the case at bar, the North Dakota Supreme Court said: "Upon a motion for new trial upon the ground of excessive damages appearing to have been given under the influence of passion and prejudice, it was proper for the trial court, and it is proper for this court on appeal, to consider the fact that sub-

stantial verdicts were rendered on both causes of action in the prior trial."

The same question was before the Supreme Court of Washington in Regenvetter v. Ball, 131 Wash. 155, 167, 168, 229 P. 321, 326. The court there laid down the rule which we think applicable to the case at bar: "The court may not substitute its judgment for the judgment of the jury, however much it may be dissatisfied with the verdict as returned. Its power in this respect is limited to granting another trial, or what is to the same effect, giving the plaintiff an option to accept a lesser sum than the verdict awards or submit to a new trial. * * * The tribunal the law appoints to measure the plaintiff's recovery has in this instance twice returned awards substantially in the same amount, and nothing in the record indicates that there would be a different result were the plaintiff to be compelled to resort to a third."

The trial court had refused to grant a second new trial, and the appellate court affirmed.

These cases express the proper rule to be followed when two verdicts in substantially the same amounts have been returned. We are here, however, faced with a case in which the two verdicts varied widely. It is true the first verdict was set aside as failing to do substantial justice. But it was nevertheless a verdict of the jury after hearing the evidence; the same evidence upon which the second jury returned a verdict more than four times as large. Here it cannot be said that there is nothing to indicate that a third jury might not return a different verdict from the one which the able trial court found "grossly excessive".

An identical situation was passed upon by the Wisconsin Supreme Court in an early case. On the third trial of an action for personal injuries, the jury's verdict was for the plaintiff in the sum of $6000. The trial court had refused to set it aside as excessive. The court said: "It has frequently been said by this court (and is reiterated here) that in a case like this, as a general rule, this court will seldom disturb the award of damages if the testimony will support a finding that the injury complained of will result in serious and permanent disability, such as will incapacitate the injured party for labor, or the pursuit of his

business, during the remainder of his life. Were this the first verdict in the case, in all probability the above rule would be applicable to it." Baker v. City of Madison, 62 Wis. 137, 148, 149, 22 N.W. 141, 145.

The court then proceeded to consider the fact that there had been two previous trials of the case; upon substantially the same evidence, and that the verdicts in those cases had been respectively $3000 and $2500. It was then held: "It seems to us that this fact ought to take the case out of the general rule above stated, and that the court ought to say that the last verdict is excessive. We adjudge it excessive, not so much because that is our deliberate individual judgment (as it is), but in deference to the verdicts of two juries who awarded but one half, or less than one half, of the sum awarded on the last trial. The judgment must therefore be reversed on the sole ground that the damages awarded are excessive." Loc. cit. 62 Wis. 149, 22 N.W. 146. The court then gave the plaintiff the option of remitting $2500 of the amount awarded by the verdict, or taking a new trial.

Further pertinent language addressed to the contention that by interfering with the verdict the court is usurping the functions of the jury is found in this case. "The main ground upon which the rule of Potter v. C. & N.W. Ry. Co., supra, rested, is that if the court assumes to fix a sum for which the plaintiff may have judgment, it thereby usurps the functions of the jury. * * * Certainly, the usurpation is the same if the trial court does the same thing. Yet the right of the trial court to allow the plaintiff to remit the excess, and then give him judgment for the residue, is almost universally recognized * * *." Loc. cit. 62 Wis. 151, 22 N.W. 146, 147.

We are cognizant that a plausible case can be made for the contention that in cases where the verdict has some support in the evidence, the trial court, or the appellate court, is transgressing upon the proper functions of the jury in ordering a remittitur on pain of a new trial. But it is a practice long followed in Iowa and, as the Wisconsin court said, almost universally, except where prohibited by statute. We are not prepared to abrogate it here. It should be exercised with much caution, and

we think there should be something in the record which supports the order more than the mere opinion of the trial court that the award is excessive.

We find such a situation here. The verdicts of the two juries were so at variance that the impression arises that another trial will not be unfair. There is support for the exercise of the trial court's discretion, and we will not disturb it.

III. Plaintiffs' counsel expresses some apprehension that, if the grant of a new trial is affirmed on this appeal, the recovery on another trial may be limited to the sum of $6500 which the trial court thought sufficient to compensate for the taking. No alarm need be felt on this score. The trial court, or this court, may not fix the amount. That is for the jury, subject to some interference by the court if its verdict is thought inadequate or excessive. As we have indicated, however, it becomes progressively more difficult for the court to intervene when there have been successive verdicts. Any recovery on a third trial will not be limited by the ruling of the trial court or by our holding on this appeal.—Affirmed.

All Justices concur except HAYS, J., not sitting, and THORNTON, J., who dissents.

THORNTON, J.—I dissent. The only factor taken into account by the trial court was the verdict in the first case of $3000. This verdict was set aside by the trial court as being in conflict with and not supported by the evidence. This amounts to the first verdict being inadequate.

I do not believe a prior inadequate verdict is a reasonable ground upon which to base a determination a second verdict is excessive where, as here, the second verdict is within the reasonable range of the testimony. In the authorities cited in the majority opinion none of the prior verdicts considered were in conflict with or unsupported by the evidence because they were less than the range of the testimony.

I would reverse and reinstate the verdict.