# IN THE SUPREME COURT OF IOWA

No. 91 / 05–0404

Filed October 17, 2008

**WSH PROPERTIES, L.L.C.,**

    Appellee,

vs.

**CURT N. DANIELS** and **INDIAN CREEK CORPORATION,**

    Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Lucas County, John D. Lloyd, Judge.

Plaintiff seeks further review of court of appeals' decision reversing district court's denial of defendants' motion for new trial. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND REVERSED IN PART. DISTRICT COURT JUDGMENT AFFIRMED ON CONDITION AND CASE REMANDED.**

Curt N. Daniels, Chariton, pro se, and for appellant Indian Creek Corporation.

James E. Nervig of Brick, Gentry, Bowers, Swartz, Stoltze & Levis, P.C., Des Moines, for appellee.

**TERNUS, Chief Justice.**

The defendants appealed the trial court's denial of their motion for new trial, claiming the jury's excessive damage award was the result of passion. The court of appeals held the trial court abused its discretion in ordering a remittitur rather than a new trial in view of the trial court's impression the jury was motivated by anger and a desire to punish the defendants. We granted further review. Upon our review of the record, we conclude the defendants were not entitled to a new trial, but we exercise our inherent authority to order a remittitur. Therefore, we reverse that part of the court of appeals' decision ordering a new trial, affirm the balance of the court of appeals' decision, and affirm on condition the district court's judgment.

## I. Background Facts and Prior Proceedings.

The appellant, Indian Creek Corporation, owned and operated a hog confinement facility on real estate that was sold to the appellee, WSH Properties, L.L.C., at a tax sale after Indian Creek stopped paying taxes on the property. (The appellant, Curt N. Daniels, is the sole owner of Indian Creek.) After WSH obtained title to the property by tax deed, it brought this replevin action against Daniels and Indian Creek to recover certain property Daniels had removed from the confinement facility, including pens, gates, crates, waterers, and feeders. WSH believed the property removed by Daniels constituted taxable real property that was included in the tax sale and deed. WSH sought return of the property and associated damages incurred due to WSH's inability to lease the real estate without the disputed property.

The case proceeded to a jury trial. The trial court instructed the jury that WSH's right to possession of the property removed from the premises depended upon proof that the property fell within the

provisions of Iowa Code section 427A.1 (2001). This statute describes what property, other than land, may be assessed and taxed as real property. The jury found WSH was entitled to possession of all the disputed property, and it valued the property at $299,850. The jury also found WSH was entitled to damages in the amount of $533,952 for wrongful detention of the disputed property.

The defendants filed a motion for new trial, contending the damage amounts were not supported by the evidence and that the jury sought to punish the defendants and were prejudiced against them. The trial court rejected the defendants' claim the verdict was the result of prejudice against the defendants, concluding there was no evidence to support this claim. The court did conclude, however, that the damage amounts were not supported by the evidence and the jury was motivated by a desire to punish the defendants. The court determined a remittitur was the appropriate remedy.

With respect to the value of the equipment, the court reduced the jury award from $299,850 to $120,000. The court noted the plaintiff's exhibit showing replacement cost figures totaling $299,850 included $61,350 for items that were not taken. Moreover, the court concluded, the proper measure of damages was the value of the property, not replacement cost. The plaintiff's own evidence placed a value of $120,000 on the disputed property.

With respect to the damages for wrongful detention, the court concluded the jury could have found damages for three years (from the date the plaintiff discovered the property was missing to the time of trial), and that the proper measure of damages would be the net market value of the use of the property during this period. Although there was evidence that gross rental income from the property had been as high as

$206,000, the last lease in place prior to the plaintiff's acquisition of the property had a gross rent of only $100,000 per year. In addition, the plaintiff's expert testified the market had declined since the $206,000-per-year lease, and the gross rental value during the relevant time was $110,000 per year. The court found there was no reason in the record for the jury to disregard the plaintiff's own evidence. Therefore, the court reduced the $533,952 jury award to $246,000 ($110,000 annual rental value minus $28,000 per year for expenses for three years).

The problematic aspect of the court's ruling is its concluding paragraph:

> An overall look at the damages awarded by the jury leaves the court with the abiding impression that the jury was simply angry with the defendants and sought to punish them accordingly. This led the jury to award damage amounts that exceeded the reasonable amounts supported by the evidence. *Remittitur* as to all amounts in excess of those set out above is appropriate.

The court did not elaborate on the factual basis for its finding of passion other than the excessiveness of the verdict. The court then conditionally denied the defendants' motion for new trial, provided the plaintiff filed a remittitur of all damages in excess of those set out in the court's ruling. The plaintiff filed a remittitur, and the trial court then denied the defendants' motion for new trial and entered judgment against the defendants for the reduced sums.

The defendants appealed, raising four issues: (1) the trial court erred in failing to dismiss Daniels from the lawsuit; (2) the trial court erred in failing to rule as a matter of law that the disputed property was not subject to section 427A.1; (3) application of section 427A.1 deprived the defendants of their property without due process of law; and (4) the trial court abused its discretion in failing to grant a new trial on the basis

of passion and prejudice. The court of appeals rejected the first three complaints, but found merit in the defendants' contention they were entitled to a new trial. Noting "it is clear the verdict is not supported by the evidence," the court concluded that, once "the district court expressly found the verdict was the result of the jury's anger with the defendants and a desire to punish them by awarding excessive damages[,] . . . the court abused its discretion when it nevertheless denied the defendants' new trial request."

We granted the plaintiff's application for further review to consider whether the district court abused its discretion in denying the defendants' motion for new trial. Although this court has authority to consider any issue raised in the appeal, *Hannan v. State*, 732 N.W.2d 45, 50 (Iowa 2007), we limit our review to the new-trial issue.

## II. Scope of Review.

It is necessary at the outset to identify the ruling that we are reviewing. In the case before us, the trial court ordered a new trial on the issue of damages unless the plaintiff accepted a remittitur of all damage amounts above those set by the court in its decision. *See* Iowa R. Civ. P. 1.1010(1) (giving trial court authority to "permit a party to avoid a new trial . . . by agreeing to such terms or conditions as it may impose"). Because the plaintiff accepted a remittitur of its damages, the trial court overruled the defendants' motion for new trial and entered a judgment awarding damages in the reduced sums. Under our rules, this judgment is "deemed of no force and effect" when an appeal is taken, and the original judgment entered by the clerk on the jury's verdict pursuant to Iowa Rule of Civil Procedure 1.955 is "deemed reinstated." Iowa R. Civ. P. 1.1010(3). Therefore, we are not reviewing the trial court's decision to grant a conditional new trial; we are reviewing the trial court's

denial of the defendants' motion for new trial. *See Montgomery Props. Corp. v. Econ. Forms Corp.*, 305 N.W.2d 470, 478 (Iowa 1981).

"The standard of review of a denial of a motion for new trial depends on the grounds for new trial asserted in the motion and ruled upon by the court." *Vaughan v. Must, Inc.*, 542 N.W.2d 533, 542 (Iowa 1996). "If the motion and ruling are based on a discretionary ground, the trial court's decision is reviewed on appeal for an abuse of discretion." *Id.* "We review the district court's denial of a motion for a new trial based on the claim a jury awarded excessive damages for an abuse of discretion." *Estate of Pearson ex rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 345 (Iowa 2005). "An abuse of discretion occurs when the court's decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree." *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 160 (Iowa 2004).

**III.  Discussion.**

The defendants requested a new trial under Iowa Rule of Civil Procedure 1.1004(4), (5), which states:

> On motion, the aggrieved party may have an adverse verdict . . . vacated and a new trial granted if any of the following causes materially affected movant's substantial rights:
>
> . . . .
>
> (4) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.
>
> (5) Error in fixing the amount of the recovery, whether too large or too small, in an action upon contract or for injury to or detention of property.

"Passion" within the meaning of rule 1.1004(4) includes anger. *See Collins v. State*, 102 So. 880, 882 (Fla. 1925) ("Passion is the state of mind produced when the mind is powerfully acted upon and influenced

by something external to itself [and] . . . is one of the emotions of the mind known as anger, rage, sudden resentment, or terror."); *Murphy v. S. Pac. Co.*, 101 P. 322, 327 (Nev. 1909) (holding the word "passion," as applied to a jury's action, "mean[s] anger, resentment, heat, absence of reflection, disregard of the rights of others, and kindred motives").

In ruling on the defendants' motion for new trial, the court did not specify whether its ruling was based on paragraph (4) or paragraph (5) of rule 1.1004. The court stated it was "convinced that the damage awards are not entirely proper and a *remittitur* is necessary and appropriate." It then discussed the jury's error in using replacement cost rather than fair market value to compensate the plaintiff for the removed property and the jury's use of outdated rental income in assessing the plaintiff's wrongful-detention damages. After explaining the basis for its reduction of the damages awarded by the jury, the court concluded by stating its "impression" that the jury was motivated to award the higher amounts by anger toward the defendants. If it were not for these concluding remarks, a person reading the trial court's decision would conclude the court found the damages erroneous or contrary to the evidence, but not so excessive as to indicate passion on the part of the jury.

The precise basis for the court's decision is important because it affects the appropriate relief to be granted by the trial court.

> If the verdicts are the result of passion and prejudice a new trial should be granted, but if they are merely excessive because not supported by sufficient evidence even in the absence of passion and prejudice justice may be effectuated by ordering a remittitur of the excess as a condition for avoiding a new trial.

*Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 659 (Iowa 1969). The court may also order a remittitur to correct an error by the jury in its calculation of damages. 66 C.J.S. *New Trial* § 104, at 220 (1998) ("Where

the damages awarded . . . are clearly excessive, and the illegal portion is distinguishable from the legal, the defect usually may be remedied by a remittitur of the excess, if it can be readily calculated with reasonable certainty.").

Here, an experienced trial judge was left "with the abiding *impression* that the jury was simply angry with the defendants and sought to punish them accordingly," yet the court did not order a new trial. (Emphasis added.) Perhaps the court did not believe its "impression" was firm enough to warrant a *finding* of passion that would support a new trial. Our decision does not turn on this speculative explanation for the trial court's action, however. Regardless of the reason the trial court had for stopping short of granting a new trial, we think its refusal was proper because the only basis in the record for the court's impression the jury was motivated by passion was the size of the verdict, and that circumstance is readily explained by the evidence presented to the jury with respect to the plaintiff's damages.

We begin our analysis with the proposition that a flagrantly excessive verdict raises a presumption that it is the product of passion or prejudice. *See Allen v. Lindeman*, 259 Iowa 1384, 1398, 148 N.W.2d 610, 619 (1967) (" 'A verdict should not be disturbed unless it is so flagrantly excessive as to raise a presumption that it was the result of passion, prejudice, or undue influence.' " (quoting *Glatstein v. Grund*, 243 Iowa 541, 557, 51 N.W.2d 162, 172 (1952)); *accord Schmitt*, 170 N.W.2d at 659 (stating new trial may be granted when verdict "raises a presumption that it is the result of passion, prejudice or other ulterior motive"). On the other hand, not every excessive verdict results from passion or prejudice. *See Miller v. Town of Ankeny*, 253 Iowa 1055, 1063, 114 N.W.2d 910, 915 (1962); *Curnett v. Wolf*, 244 Iowa 683, 689,

57 N.W.2d 915, 919 (1953); *accord* 58 Am. Jur. 2d *New Trial* § 313, at 313 (2002) ("[T]he fact that a damage award is large does not in itself . . . indicate that the jury was motivated by improper considerations in arriving at the award."). For example, in *Jurgens v. Davenport, Rock Island & Northern Ry.*, 249 Iowa 711, 88 N.W.2d 797 (1958), this court concluded a jury verdict was not so excessive as to show passion or prejudice entitling the defendant to a new trial, yet the verdict was "beyond the fair province of the jury to award upon the evidence before it." 249 Iowa at 723, 88 N.W.2d at 805; *see also* 58 Am. Jur. 2d *New Trial* § 456, at 413–14 ("Remittitur may be proper when a jury, although not acting under the type of passion or prejudice that would warrant a new trial, nonetheless awards an amount that is unreasonable given the evidence.").

In view of this precedent, we will first consider whether the verdict is so excessive as to raise a presumption that it was motivated by passion or prejudice on the part of the jury. As we examine the record to make this determination, we are guided by the following rule: " 'In considering the contention the verdict is so excessive as to . . . show it is the result of passion and prejudice we must take the evidence in the aspect most favorable to plaintiff which it will reasonably bear.' " *Townsend v. Mid-Am. Pipeline Co.*, 168 N.W.2d 30, 33 (Iowa 1969) (quoting *Shover v. Iowa Lutheran Hosp.*, 252 Iowa 706, 718, 107 N.W.2d 85, 92 (1961)); *accord Kuta v. Newberg*, 600 N.W.2d 280, 284 (Iowa 1999) (stating in cases involving claims of excessive damages, we "view the evidence in the light most favorable to the plaintiff").

A review of the record in this case reveals an evidentiary source for the jury's calculation of damages. As noted above, the court reduced the damages awarded by the jury for the value of the removed equipment

from $299,850 to $120,000. The court focused on a plaintiff's exhibit that showed a total replacement cost of $299,850, but included $61,350 for property that was not removed. On the other hand, viewing the evidence most favorably to the plaintiff, there was testimony from the plaintiff's expert that the cost to replace the items taken from the facility "would have been nearly $300,000." In addition, the jury cannot be faulted for using replacement cost as the measure of recovery. Evidence of the replacement cost was admitted, and the jurors were simply instructed that, if they determined the plaintiff was entitled to possession of the property, they were also to "determine the value of that property as of the date of trial." They were not instructed that "value" meant market value, not replacement cost. Under these circumstances, we do not believe the jury's award of replacement cost at a level proposed by the plaintiff's expert was so far outside the range of evidence as to suggest the jury was motivated by passion. *See Schmitt*, 170 N.W.2d at 660–61 (holding new trial cannot be based on claim of prejudice arising from jury's reliance on evidence admitted without objection).

A similar view can be reasonably taken of the jury's award of $533,952 for wrongful detention. The jury used a $206,000-per-year figure for gross rentals based on an actual lease for the property in question. This figure was reduced by $28,000 for expenses, and the net amount was awarded for a three-year period. The trial court concluded the only aspect of this damage calculation subject to criticism was the gross rental value used by the jury. The plaintiff's expert testified that the market had declined since the $206,000-per-year lease and the current gross rental value was $110,000. The jury was instructed:

> Consider expert testimony just like any other testimony. You may accept it or reject it. You may give it as much weight as you think it deserves, considering the witness'

education and experience, the reasons given for the opinion, and all the other evidence in the case.

In view of the evidence and the instructions, we do not think the jury was so far outside the bounds of the record that its verdict raises a presumption of passion. *See Engman v. City of Des Moines*, 255 Iowa 1039, 1049, 125 N.W.2d 235, 241 (1963) (concluding verdict was not "so large as to show passion and prejudice").

We think the evidentiary basis for the jury's assessment of damages dispels any presumption that the excessiveness of the verdict was motivated by passion. Once the presumption of passion that might arise from a flagrantly excessive verdict is dispelled, we must look for some other indication in the proceedings that would support a finding the jury was angry with the defendants and motivated to punish them. *See Allen*, 259 Iowa at 1398, 148 N.W.2d at 619 (stating "it must affirmatively be shown prejudice and passion existed before this court should interfere with a verdict"); *Peak v. Rhyno*, 200 Iowa 864, 867, 205 N.W. 515, 516 (1925) (refusing to order a new trial on the basis of passion or prejudice, stating "it is not shown that the verdict for plaintiff was the result of passion or prejudice on the part of the jury, by the mere fact that the amount awarded may appear to us, upon the record, to be excessive"); *see also Goettelman v. Stoen*, 182 N.W.2d 415, 421 (Iowa 1970) (finding prejudice based on introduction of "inflammatory evidence"). *See generally Waddell v. Peet's Feeds, Inc.*, 266 N.W.2d 29, 32 (Iowa 1978) (reversing trial court's grant of a new trial when there was nothing in the record to indicate prejudice or passion); *Kaiser v. Stathas*, 263 N.W.2d 522, 526 (Iowa 1978) (same). The defendants contend on appeal that "jurors don't like hog farms or hog farmers" and that the testimony of plaintiff's principal, John Holtz, "was calculated to cast in

the jurors' minds that [the defendants] were polluters and thieves." The defendants made the same argument to the trial court in its motion for new trial, but the trial court, in concluding the verdict was not the result of prejudice against the defendants, stated there was "no evidence to support any of these claims." The court also stated that it had "observed nothing during the course of the trial, including the voir dire, which suggested in the slightest any prejudice against the defendants." Consistent with this conclusion, the trial court's only stated reason for its impression that the jury was angry with the defendants was "[a]n overall look at the damages awarded by the jury." Thus, the trial court, "with [the] benefit of seeing and hearing the witnesses, observing the jury and having before it all incidents of the trial," did not find anything more than the excessiveness of the verdict to indicate passion or prejudice. *Schmitt*, 170 N.W.2d at 660. We give weight to this factual determination by the trial court. *Id.* Based on the evidentiary support for the jury's verdict and the absence of any other indication in the record that the jury was angry with the defendants, we believe a finding of passion is not supported and a new trial was not warranted. Accordingly, we hold the trial court did not abuse its discretion in denying the defendants' motion for new trial.

Although we have concluded there is no basis for finding the jury's verdict was the result of passion, we may still exercise our inherent power to order a remittitur as a condition to avoid a new trial. *See Engman*, 255 Iowa at 1049, 125 N.W.2d at 241 (ordering remittitur notwithstanding conclusion verdict was not so excessive as to indicate passion or prejudice); *Jesse v. Wemer & Wemer Co.*, 248 Iowa 1002, 1021, 82 N.W.2d 82, 91–92 (1957) (same). A remittitur may be appropriate when (1) the jury's damage award was not justified by the

evidence before it, *Miller v. Young*, 168 N.W.2d 45, 52–53 (Iowa 1969); *In re Ronfeldt's Estate*, 261 Iowa 12, 28, 152 N.W.2d 837, 847 (1967); (2) the jury failed to respond to the evidence, *Larew v. Iowa State Highway Comm'n*, 257 Iowa 64, 67, 130 N.W.2d 688, 689 (1964); or (3) the wrong measure of damages was applied, 66 C.J.S. *New Trial* § 104, at 204. Here, we agree with the trial court that the jury used the wrong standard—replacement cost—to measure the value of the removed property. *See Murray v. Conrad*, 346 N.W.2d 814, 821 (Iowa 1984) ("The general rule is that the measure of damages for conversion is the fair and reasonable market value of the property at the time of the taking."). We also agree there was no basis in the record for the jury to ignore the uncontroverted testimony of the plaintiff's own expert witness that the rental value of the property during the pertinent time period was $110,000, the market having declined since the $206,000-per-year lease was in place. Therefore, we hold a remittitur is appropriate in the amounts determined by the district court.

### IV. Disposition.

We reverse that portion of the court of appeals' decision reversing the district court's denial of the defendants' motion for new trial, affirm the court of appeals' decision on the remaining issues, and conditionally affirm the trial court's denial of the defendants' motion for new trial. If, within fifteen days of the issuance of procedendo, the plaintiff files with the clerk of the district court a remittitur of all damages in excess of the amount established by the trial court's posttrial order, the judgment of the district court shall be affirmed. If the plaintiff does not file a remittitur, the district court shall set the case for a new trial. *See Kuta*, 600 N.W.2d at 285 (providing for similar disposition in case imposing remittitur on appeal).

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND REVERSED IN PART. DISTRICT COURT JUDGMENT AFFIRMED ON CONDITION AND CASE REMANDED.**

All justices concur except Baker, J., who takes no part.