# IN THE SUPREME COURT OF IOWA

No. 19–1674

Submitted February 17, 2021—Filed March 26, 2021

**CURT N. DANIELS** and **INDIAN CREEK CORPORATION,**

Appellants,

vs.

**JOHN HOLTZ,** personally and **JOHN HOLTZ d/b/a WSH PROPERTIES, LLC, HUNTERS RETREAT, LLC,** and **NAVAJO ASSOCIATES, LLC,**

Appellees.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Lucas County, John D. Lloyd, Senior Judge.

The defendant seeks further review of a court of appeals decision reversing a district court dismissal of an action based on claim preclusion. **COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED**.

Per curiam.

Curtis Daniels, Chariton, for appellants.

John B. Holtz, pro se, Phoenix, Arizona, appellee.

**PER CURIAM.**

On July 26, 2006, a sheriff's sale was held in Lucas County for the stock of Curtis Daniels's farm business Indian Creek Corporation. Indian Creek owned an approximately 1220-acre cattle property in Lucas County. The property was subject to various prior mortgages and liens. John Holtz was the winning bidder at $110,000.[1] Holtz is the principal of WSH Properties, LLC, which had previously obtained a judgment against Daniels and Indian Creek for approximately $246,000. *See WSH Properties, L.L.C. v. Daniels*, 761 N.W.2d 45, 47–48 (Iowa 2008).

Daniels filed an action in February 2007 seeking to set aside the sheriff's sale. We found an issue of fact whether Holtz had improperly discouraged the other bidder at the sale, *see Daniels v. Holtz*, 794 N.W.2d 813, 823–24 (Iowa 2010), and ultimately the sale was invalidated by the district court on remand, *see Daniels v. Holtz*, No. 12–1522, 2013 WL 5743640, at *2 (Iowa Ct. App. Oct. 23, 2013) (affirming the decision to set aside the sale). This necessitated a second sheriff's sale.

In December 2013, Daniels filed a motion seeking a constructive trust and other remedies for "the monies he would have received had he held and received the benefit of the property at issue . . . between the time of the first sheriff's sale and the second sheriff's sale." In July 2014, the district court concluded that Daniels's claims were untimely or barred by claim preclusion (or both). The court of appeals affirmed. *Daniels v. Holtz*, No. 14–1290, 2016 WL 1366760, at *2 (Iowa Ct. App. Apr. 6, 2016). The court of appeals concluded, "[T]he district court did not err in denying [Daniels's] motion/action on res judicata grounds." *Id.*

---

[1] Prior to the sheriff's sale, the stock had been appraised at $29,500.

"Daniels was not dissuaded."[2]  His current petition recites that he filed two subsequent actions in Lucas County in October 2016 and October 2017.  Both actions sought constructive trusts, and both were dismissed.  Daniels also brought an action in federal district court in May 2018, which was likewise dismissed under the rarely invoked *Rooker-Feldman* doctrine.[3]

Additionally, in its November 2018 order dismissing the October 2017 Lucas County lawsuit, the district court directed,

> Curt N. Daniels is enjoined from filing any new actions or filings, other than a notice of appeal from this ruling, arising out of or related to the facts or subject matter of this case or previous litigation between the parties to this action.

This brings us to the present action, which Daniels filed on July 15, 2019, in apparent disregard of the foregoing order.  The present action again complains about Daniels's dispossession from the cattle farm since 2008 and his associated loss of rents and other income since 2009.[4]  Daniels claims that once the sheriff's sale was set aside, he was legally entitled to restoration of all the property.  Accompanying the petition are nine exhibits, including a number of the rulings referenced above.  The petition, with some degree of candor, acknowledges that it is trying out new legal theories to obtain relief for the same set of facts, this time under Iowa Code chapters 646 and 649.

---

[2]This is a quotation from Daniels's current petition.

[3]The *Rooker-Feldman* doctrine is named for two United States Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).  It bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).

[4]Daniels also claims he was dispossessed of an eleven-acre property in which he resided as a result of the sheriff's sale.

Holtz moved to dismiss this action, arguing that it was repetitive of the prior unsuccessful lawsuits. Holtz also raised the November 2018 order precluding Daniels from filing any new actions on the subject matter of the sheriff's sale. The district court agreed and granted dismissal of the entire case. In its dismissal order, the district court not only adopted Holtz's arguments, it added that the petition was barred by the statute of limitations in that "the actions complained of are over 9 years old." The district court cited the statute of limitations for actions on unwritten contracts and for fraud—Iowa Code section 614.1(4)—not the statute of limitations for actions to recover real property—section 614.1(5). Daniels responded with a rule 1.904(a) motion, in which he asserted that his action was timely because less than twenty years had elapsed since the judgment setting aside the sheriff's sale. *See* Iowa Code § 614.1(6). The district court denied Daniels's motion.

Daniels appealed, and we transferred the case to the court of appeals. That court reversed and remanded, reasoning that it was not clear from the petition that the present action was barred by claim preclusion, and that the district court committed error in raising the statute of limitations sua sponte. The court of appeals did not address the effect of the November 2018 order barring future lawsuits by Daniels.

We granted further review, and we now vacate the decision of the court of appeals and affirm the judgment of the district court.

In ruling on Holtz's motion to dismiss, the district court was entitled to consider the attachments to Daniels's petition. These included the July 2014 district court ruling and the April 2016 court of appeals decision. Moreover, the district court was also entitled to consider the dismissal orders specifically referenced by case number and date in Daniels's petition, even if they had *not* been attached. *See King v. State*, 818 N.W.2d

1, 6 n.1 (Iowa 2012) (holding that in ruling on a motion to dismiss for failure to state a claim, the court may consider documents referenced in the petition regardless of whether they have been attached); *see also Homan v. Branstad*, 864 N.W.2d 321, 323 n.1 (Iowa 2015). Thus, the dismissal orders for the October 2016 and October 2017 actions, which were provided by Holtz with his motion to dismiss, were likewise fair game.

These documents make clear that this is at least the fourth bite at the same apple by Daniels. The gist of this claim, like the prior claims, is that because the original sheriff's sale was set aside and had to be redone, Daniels should recover the cattle property and income related to that property. This involves the same nucleus of operative fact as the prior litigation, and the district court correctly found that claim preclusion applies. *See Pavone v. Kirke*, 807 N.W.2d 828, 837 (Iowa 2011).[5]

For the foregoing reasons, we affirm the judgment of the district court and vacate the decision of the court of appeals.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED**.

This opinion shall not be published.

---

[5]We do not find it necessary to address whether dismissal was properly granted on the other grounds noted by the district court.