**Peter F. DAVEY, Plaintiff–Appellant,**

v.

**Regina A. DOLAN and Mary R. Davey, Defendants–Appellees.**

**No. 06–4910–cv.**

United States Court of Appeals, Second Circuit.

Sept. 11, 2008.

Peter F. Davey, Pro se.

George N. Tompkins, Jr., Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, Mary F. Kelly, Kelly & Knaplund, White Plains, NY, for Appellees.

Present: ROSEMARY S. POOLER, ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Peter F. Davey appeals from a judgment of the United States District Court for the Southern District of New York (Holwell, *J.*), entered on September 27, 2006, following the court's order granting Regina A. Dolan's and Mary R. Davey's motion to dismiss for failure to state a claim, filed on September 26, 2006, 453 F.Supp.2d 749. Plaintiff also appeals a subsequent order denying Plaintiff's motion for reconsideration, filed on August 3, 2007, 496 F.Supp.2d 387. We assume the parties' familiarity with the facts and the proceedings below.

This Court reviews de novo a district court's grant of a motion to dismiss, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (footnote omitted) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

We affirm the district court's dismissal of plaintiff's complaint. Plaintiff's complaint does not set forth any cognizable claims against Regina Dolan. Plaintiff may not bring a claim for alienation of affections; such claims under New York law have been abolished. *See* N.Y. Civ. Rights Law § 80–a. Plaintiff cannot bring a claim based on Dolan's testimony at his divorce trial inasmuch as testimony at trial that is pertinent to the litigation is privileged. Insofar as plaintiff claims Dolan conspired with Mary Davey to cause his false arrest, we agree with the district court that the allegations were conclusory and fail to state a claim.

Plaintiff's claims against Mary Davey are barred by the doctrine of res judicata, which provides that "[a] final judgment on

the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citation omitted). A final judgment of divorce between plaintiff and Mary Davey was entered after divorce proceedings. The divorce proceedings determined "every material issue that was actually litigated or might have been litigated." *Rainbow v. Swisher,* 72 N.Y.2d 106, 531 N.Y.S.2d 775, 527 N.E.2d 258, 260 (1988). Plaintiff also litigated claims arising from the divorce proceedings in a separate New York state court civil action that was dismissed. Plaintiff cannot relitigate those issues in federal court.

We likewise affirm the district court's issuance of a permanent injunction on future litigation by plaintiff pursuant to its authority under 28 U.S.C. § 1651 and its imposition of sanctions pursuant to 28 U.S.C. § 1927. We are not entirely unsympathetic with the plaintiff's personal sense of grievance with respect to these matters. But after reviewing plaintiff's history of vexatious litigation arising from his divorce, we conclude that the district court properly ruled that plaintiff's future access to the courts regarding matters related to his divorce should be restricted. "Section 1927 authorizes the imposition of sanctions only 'when there is a finding of conduct constituting or akin to bad faith.'" *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 180 (2d Cir.2004) (quoting *Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir.1997)). The district court's imposition of sanctions was appropriate because plaintiff, having adequately been warned of the possibility of sanctions, has nonetheless repeatedly pursued meritless claims despite being warned by courts at every turn to cease the bad faith litigation.

This Court may impose sanctions under 28 U.S.C. § 1927 for the filing of a frivolous appeal. *See In re Emergency Beacon Corp.,* 790 F.2d 285, 288 (2d Cir.1986). The imposition of sanctions under 28 U.S.C. § 1927 requires notice and an opportunity to be heard. *Martens v. Thomann,* 273 F.3d 159, 178 n. 13 (2d Cir. 2001).

It is therefore ORDERED that plaintiff show cause within 20 days why an order should not be entered imposing sanctions for the filing of a frivolous appeal in bad faith. Defendants may respond 10 days thereafter.

For the foregoing reasons, we AFFIRM the district court's judgment dismissing plaintiff's claims, issuing a permanent injunction, and imposing sanctions, and we ORDER plaintiff to show cause within 20 days why he should not be sanctioned under 28 U.S.C. § 1927 for filing a frivolous appeal in bad faith.