[973 NYS2d 67]

In the Matter of PETER F. DAVEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-DICIAL DEPARTMENT, Petitioner.

First Department, October 8, 2013

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Peter F. Davey*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Peter F. Davey was admitted to the practice of law in the State of New York by the First Judicial Department on December 23, 1968. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

This disciplinary proceeding stems from respondent's conduct in connection with a divorce action instituted by his ex-wife. On June 21, 2000, the ex-wife reported an alleged incident of domestic violence by respondent to the police. Respondent was arrested and the ex-wife obtained a temporary order of protection against him, excluding respondent from the marital home and from contact with their then-minor children. The criminal charges against respondent were later dropped.

On July 14, 2000, the ex-wife instituted divorce proceedings in Supreme Court, Westchester County. On July 6, 2004, Supreme Court entered a final judgment of divorce, and by order dated November 17, 2004, the court directed the distribution of assets. In 2001, respondent filed an action against the ex-wife, her brother, her attorneys and their respective law firms, alleging, inter alia, fraud, perjury and abuse of power, in connection with his arrest. Supreme Court dismissed the complaint against the brother and the attorneys for failure to state a cause of action and this Court affirmed the order on appeal (*Davey v Dolan*, 308 AD2d 330 [1st Dept 2003]). A similar action against the ex-wife herself was dismissed.

On September 15, 2003, respondent brought a second action against the ex-wife's attorneys, alleging, inter alia, false arrest, malicious prosecution, and defamation. In December 2003, he filed a complaint against the ex-wife's sister, his own son, and

one of the ex-wife's attorneys and his firm. In a series of orders, the court dismissed the action, in part on the grounds of res judicata and collateral estoppel. Further, the court ordered that respondent obtain permission from the court before bringing further litigation related to the matter.

Respondent also brought an action in the Court of Claims against the Justice who presided over the divorce action and the State of New York, alleging fraud and collusion. That action was dismissed on the grounds of lack of subject matter jurisdiction and judicial immunity. Thereafter, respondent filed an action in the United States District Court for the Southern District of New York against the ex-wife and her sister, claiming fraud, collusion and deceit in connection with the divorce action. The court dismissed the complaint and permanently enjoined respondent from pursuing federal litigation relating to his divorce without first obtaining authorization from the District Court and enjoined him from pursuing further state litigation without appending the District Court's opinion to his initial filings.

The District Court found that sanctions were appropriate because respondent's claims were without merit and respondent knew or should have known that he was precluded from recycling previously dismissed claims and that identical claims against the ex-wife Dolan could not prevail. The court found that respondent's commencement of the federal action, after being barred from commencing such an action in state court, further evidenced his bad faith and intent to harass the parties. In affirming the judgment of the District Court, the Second Circuit found that the "imposition of sanctions was appropriate because [respondent] . . . has . . . repeatedly pursued meritless claims despite being warned by courts at every turn to cease the bad faith litigation" (*Davey v Dolan*, 292 Fed Appx 127, 128 [2d Cir 2008]). By a judgment entered September 12, 2007, respondent was directed to reimburse the ex-wife for her attorneys fees and costs in the amount of $8,167.20. Respondent has not paid this sanction.

Meanwhile, in September 2005, respondent filed a third complaint against one of the ex-wife's attorneys and her law firm, and named as a defendant the buyer of the marital residence. On March 10, 2006, the court found that the claims against the attorney and her firm were barred by res judicata and ordered a hearing to determine the amount of costs, attorneys' fees, and sanctions to be imposed on respondent.

In November 2005, respondent moved, in Westchester County Supreme Court, to vacate the divorce judgment and the short

form order directing the distribution of assets. The ex-wife cross-moved to dismiss the motion and for costs, counsel fees, and sanctions. The court denied respondent's motion and granted the ex-wife's cross motion, finding that respondent had exhausted his appellate remedies and "cannot now . . . re-present the same arguments he intended to present in his unperfected appeals." The court also denied respondent's motion to vacate on the merits, finding that he failed to make a prima facie showing of misconduct. The court granted the ex-wife's cross motion for sanctions in the amount of $10,000, based upon the meritless nature of respondent's application and his habit of initiating baseless legal proceedings, and imposed costs, in the form of $2,100 in counsel fees. The order and judgment was affirmed on appeal (*Davey v Davey*, 44 AD3d 701 [2d Dept 2007]). Respondent has not paid the sanction.

Finally, by order entered on October 16, 2007, Supreme Court held respondent in civil contempt for refusing to comply with the 2004 order which required him to obtain the court's permission before filing litigation relating to his divorce, and ordered him to pay counsel fees and costs totaling $28,309.97. This Court affirmed the order (*Davey v Kelly*, 57 AD3d 230 [1st Dept 2008]).

Based on the foregoing awards of sanctions and imposition of a fine, the Disciplinary Committee, in January 2011, petitioned this Court seeking a determination on collateral estoppel. By an unpublished order entered June 13, 2011, this Court granted the petition, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (d), Judiciary Law § 90 (2), and the doctrine of collateral estoppel, and found that respondent committed professional misconduct, in violation of the Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and DR 7-102 (a) (1) and (2) (22 NYCRR 1200.33 [a] [1], [2]), based on the various orders sanctioning him for frivolous litigation and holding him in contempt. This Court sent the matter to a Hearing Panel to determine the appropriate sanction to impose.

After oral argument, the Hearing Panel found that "[t]he essential underlying facts are not disputed . . . and establish . . . a multi-year pattern of frivolous *pro se* litigation and repeated violation of court orders." The Panel noted that, despite its repeated suggestion, "Respondent did not present any evidence in mitigation and, instead, continued to argue that his admitted violation of the Prior Orders was justified by . . . [his belief]

that they were based upon false accusations . . . and were a miscarriage of justice." The Panel found that, while respondent had practiced law for over 40 years without any disciplinary complaints, he had not shown any remorse, and did not believe that his conduct was inappropriate.

The Panel noted that respondent spent at least 40 to 50 hours per week on litigation related to his divorce and, when asked "whether given the choice between disbarment and giving up this litigation campaign . . . Respondent could not say that he would give up his pursuit of the litigation because, in effect, it has become his life's cause." The Panel stated:

> "The Panel appreciates that Respondent believes that he has been wrongly treated by the judicial process, but such feelings cannot justify violations of court orders. As an attorney, respect for the legal system and the judiciary is fundamental to participation in that system . . . Respondent's conduct evinces an utter lack of respect for the judicial process and for the administration of justice. It cannot be countenanced."

Based upon his repeated violation of court orders, failure to accept responsibility for his actions, lack of remorse, lack of an appreciation that his conduct was inappropriate, and the absence of mitigation, the Panel recommended that respondent be suspended from the practice of law for two years, with reinstatement conditioned upon his satisfaction of the fines and sanctions imposed upon him in the prior orders.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 605.15 (e), confirming the Hearing Panel's findings of fact and conclusions of law, and imposing the recommended sanction, including the conditions for reinstatement. We agree that a two-year suspension falls within the appropriate range of sanction in light of the seriousness of respondent's conduct, his engagement in a 10-year pattern of frivolous litigation and disregard of court orders, his lack of remorse, denial of wrongdoing, failure to pay sanctions, and applicable precedent (see Matter of Chiofalo, 78 AD3d 9 [1st Dept 2010] [two-year suspension where attorney filed a meritless action against his former wife, her attorneys and judges, arising from his divorce, and sent hostile correspondence to his wife and others, with mitigation evidence including apologies to some of the victims and letters from a psychiatrist]; Matter of Tillem, 56 AD3d 94 [1st Dept 2008] [one-year suspension where at-

torney, inter alia, sued a client after the client filed a disciplinary complaint against him, with four prior admonitions]; *Matter of Polur*, 173 AD2d 82 [1st Dept 1992], *lv denied* 79 NY2d 756 [1992] [three-year suspension where attorney, inter alia, repeatedly violated orders, resulting in a finding of criminal contempt]).

As the Committee notes, the repeated violation of court orders and failure to pay a judgment frequently warrants disbarment, especially when the misconduct is egregious and demonstrates a disregard for the judicial process (citing, inter alia, *Matter of Fagan*, 58 AD3d 260 [1st Dept 2008], *lv dismissed* 12 NY3d 813 [2009] [disbarment where attorney represented the plaintiffs in a frivolous suit, violated court rulings, made deliberate misrepresentations to the court, failed to pay a sanction imposed on him, and lacked contrition, with a prior disciplinary history]). While the Committee recognizes that the misconduct here does not rise to the level of those cases resulting in disbarment, it is correct that respondent's extensive misconduct and campaign of harassment against his ex-wife and others, warrants a two-year suspension, consistent with *Chiofalo*. A lesser sanction is not justified by the claimed mitigation of lack of prior discipline and participation in religious counseling and services.

Respondent opposes the petition because "the . . . underlying sanction orders are not valid as [they were] procured with false evidence, perjury, etc." Respondent maintains that his ex-wife's divorce complaint "present[s] at least attempted deceit, collusion [and] misconduct." He continues to deny wrongdoing and maintains that his conduct "promote[s] truth, justice and the rule of law," "entitling him to exoneration." Respondent challenges the propriety of the Panel's hearing, on the grounds that the participants were not sworn, he lacked sufficient notice of the hearing, the transcript did not annex referenced documents, he was deprived of due process by the Committee's decision not to present witnesses, and the hearing was improperly limited to mitigation. He also challenges the Committee's jurisdiction as respondent was not practicing law and did not harm members of the public. Respondent implores this Court to not turn a blind eye to the deceit underlying the orders and likens the Panel's crediting of the orders to the Nazis' invocation of the "Nuremberg defense." Respondent maintains that any reliance on *Matter of Chiofalo* (78 AD3d 9 [1st Dept 2010], *supra*) is misplaced, as there, the attorney sent a series of hostile mes-

sages to various people and commenced frivolous lawsuits against 29 defendants, 75% more defendants than involved in the subject matter. Respondent further states that, unlike in *Chiofalo*, he did not sue a judge. Rather his action against the Judge who presided over the divorce action was never served and the Judge did not appear therein.

Respondent's position only further reinforces the notion that he lacks remorse, refuses to acknowledge misconduct, and is not deterred by the underlying orders, all factors that may be considered in aggravation (*see Matter of Gurevich*, 94 AD3d 39 [1st Dept 2012] [18-month suspension where attorney, inter alia, made intentional misrepresentations in legal documents and compounded his misconduct by failing to acknowledge the same and express remorse]; *Matter of Truong*, 22 AD3d 62 [1st Dept 2005], *appeal dismissed* 6 NY3d 799 [2006] [disbarment where attorney, inter alia, submitted a forged document to the court and testified falsely, given the lack of remorse and refusal to acknowledge misconduct]). While respondent is certainly entitled to his personal beliefs, he is sworn as an attorney to follow the law and correct injustice, within the bounds of the law, such as via the appellate process and motion practice. Having used these tools without success, respondent is now bound by the underlying orders. He had a full and fair opportunity to challenge the underlying orders and is now collaterally estopped from attacking them.

Even assuming that respondent's conduct was not rooted in bad faith, the same does not excuse his abuse of the legal system in disregard of court orders in pursuit of claims which were repeatedly found to be without merit. The fact that no "client" was harmed does not make the misconduct any less egregious or remove this matter from this Court's or the Committee's jurisdiction. His attempt to distinguish *Matter of Chiofalo* is disingenuous. Whether 10 or 29 defendants were involved, the conduct at issue, use of the legal system to harass an ex-wife, her attorneys and judges arising from a divorce, is strikingly similar. While respondent's conduct here was not accompanied by a hostile letter writing campaign, it involved the filing of multiple meritless actions over a 10-year period in two jurisdictions. Morever, here, unlike in *Matter of Chiofalo*, respondent refused to acknowledge any wrongdoing, submitted no substantive mitigation evidence and showed no remorse.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's determination

that respondent be suspended from the practice of law for a period of two years effective 30 days from the date hereof, with reinstatement conditioned on respondent's fully satisfying the fines and sanctions imposed upon him in the prior orders, in addition to complying with the rules for reinstatement promulgated by this Court.

MAZZARELLI, J.P., ANDRIAS, MOSKOWITZ, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective 30 days from the date hereof and until further order of this Court.