# IN THE SUPREME COURT OF IOWA

No. 13–0397

Filed October 25, 2013

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

    Complainant,

vs.

**CURT N. DANIELS,**

    Respondent.

---

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance commission reports that respondent committed ethical misconduct and recommends a public reprimand. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and Nicholas Trè Critelli III, Des Moines, for complainant.

Curt N. Daniels, Chariton, pro se.

**CADY, Chief Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged Curt N. Daniels with three violations of the Iowa Rules of Professional Conduct, asserting Daniels filed frivolous pleadings and made a false statement to the court in a pleading. The Grievance Commission of the Supreme Court of Iowa found Daniels violated a rule of professional conduct by filing frivolous matters with the court on two occasions. The commission recommended Daniels receive a public reprimand. On our review, we find Daniels violated one rule of professional conduct on one occasion, and we impose a public reprimand.

## I. Background Facts and Prior Proceedings.

Curt N. Daniels is both a lawyer and veterinarian. He is seventy-five years old. He obtained a degree in veterinary medicine in 1965. He obtained a law degree in 1973. Although he was admitted to the practice of law in Iowa that same year, Daniels continued to practice veterinary medicine in Chariton.

Daniels also operated a hog confinement facility in Jasper County. The confinement facility was located on property owned by an Iowa corporation owned by Daniels. In 1998, a limited liability company owned and operated by John Holtz purchased the property at a tax sale. The property was sold after the corporation owned by Daniels stopped paying the real estate taxes on it.

In 2002, Daniels left the practice of veterinary medicine and began practicing law in Chariton as a sole practitioner. In 2003, the company owned by Holtz brought a replevin action against Daniels and his corporation to recover equipment and property Daniels removed from the Jasper County property following the tax sale. Daniels represented himself and his corporation in the lawsuit. The action resulted in a

monetary judgment against Daniels and his corporation in 2004, based on the wrongful detention of property. The events that followed over the next several years culminated in this disciplinary action against Daniels.

Daniels filed an appeal from the judgment entered against him and his corporation in favor of Holtz's company. The appeal was filed after the district court denied a motion for new trial filed by Daniels and after Holtz accepted a remittitur of damages established by the district court.

During the pendency of the appeal, Daniels initiated an action against Holtz and his company in district court, alleging they engaged in fraudulent practices during the tax sale of the Jasper County property. After commencing the action, Daniels moved to amend his petition to include numerous additional claims against the attorney and the law firm that represented Holtz and his company. Daniels claimed the attorney engaged in deception and collusion with Holtz during the tax sale. Five of the claims against the attorney were based on alleged violations of the Iowa Code of Professional Responsibility. The district court denied the motion to amend and ultimately granted summary judgment for Holtz and his company.

In 2008, we affirmed the 2004 judgment entered by the district court in favor of the company owned by Holtz on the condition that the remittitur again be accepted. *WSH Props., L.L.C. v. Daniels*, 761 N.W.2d 45, 52–53 (Iowa 2008). However, we remanded the case to the district court for a new trial in the event the remittitur was not accepted. *Id.* at 53.

On remand, Daniels filed a motion for new trial in district court, and the company accepted the remittitur. The motion for new trial, filed in October 2008, generally alleged the existence of newly discovered evidence. In an affidavit accompanying the motion, Daniels alleged the

existence of perjury and discovery improprieties during the case. In January 2009, the district court denied this motion on its merits. No appeal was filed within the thirty-day period permitted by the rules of appellate procedure. *See* Iowa R. App. P. 6.101(1)(*b*) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment.").

On April 9, 2009, Daniels filed a "Renewed Motion for New Trial." This motion presented more detailed claims of perjury and other irregularities alleged to have been committed by the plaintiffs and others during the case. Daniels, however, made no reference in this motion to the prior motion for new trial filed in October 2008. On its face, this motion appeared to urge more detailed grounds for relief than alleged in the October motion. Daniels made no claim that he had not received a copy of the ruling on the prior motion filed in October 2008. The district court summarily denied the renewed motion for new trial on April 27, 2009, based on the reasons used in January to deny the prior motion for new trial.

Daniels filed an appeal from the order denying his renewed motion for new trial on May 6, 2009. The notice of appeal specifically identified the appeal as taken from the ruling on the renewed motion for new trial filed in April. During the pendency of the appeal, Daniels filed a petition with the district court captioned "Petition for Relief." Daniels asserted the petition was filed pursuant to Iowa Rules of Civil Procedure 1.1012 and 1.1013.[1] In the petition, Daniels claimed he was seeking relief from

---

[1]Rule 1.1012 allows a court to "correct, vacate or modify a final judgment or order, or grant a new trial" for a number of reasons, including when there has been "[m]istake, neglect or omission of the clerk," when there was "[i]rregularity or fraud practiced in obtaining [the judgment]," or when there is "[m]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial

the district court to "restart" the time to appeal from the January 2009 order that denied his motion for new trial filed in October 2008. He claimed the district court clerk failed to serve him with a copy of the order until April 27, 2009, which did not allow him to timely file a notice of appeal within thirty days from the time the order was filed. He wanted the district court to declare the time to appeal from the January 2009 order began to run on April 27, 2009, due to an oversight by the clerk of court in failing to serve him with a copy of the order in January. The district court dismissed the petition, and Daniels appealed.

Both appeals were transferred to the court of appeals. The court of appeals held the appeal from the denial of the renewed motion for new trial was untimely because Daniels failed to file a notice of appeal within thirty days after the ruling by the district court on the motion for new trial in January 2009. *WSH Props., L.L.C. v. Daniels*, No. 09–0703, 2010 WL 796506, at *1 (Iowa Ct. App. Mar. 10, 2010). In a separate opinion, the court of appeals held the appeal from the denial of the petition for relief was untimely because it was not filed within one year after the judgment. *WSH Props., L.L.C. v. Daniels*, No. 10–0229, 2010 WL 150500, at *2 (Iowa Ct. App. Jan. 19, 2012).

## II.  Board Complaint and Commission Decision.

The Board eventually brought a complaint against Daniels for filing frivolous matters and for making a false statement to the court. Count I of the complaint alleged two separate violations of the rules of professional conduct. First, the Board alleged Daniels violated rule 32:3.3 (prohibiting false statements to the court) when he filed the petition for relief alleging grounds to restart the time to appeal the

_____

under rule 1.1004." *See* Iowa R. Civ. P. 1.1012(1), (2), (6). Rule 1.1013 describes the requirements and procedure for moving for relief under rule 1.1012. *Id.* r. 1.1013.

January 2009 district court decision denying his October 2008 motion for new trial, without disclosing to the court the facts and circumstances surrounding the renewed motion for new trial and the appeal taken from the ruling on the renewed motion. Second, count I alleged Daniels violated rule 32:3.1 (prohibiting frivolous proceedings) by instituting an action for the purpose of pursuing relief not available under the law. In count II, the Board alleged Daniels violated rule 32:3.1 when he sought to amend his petition in the lawsuit against the attorney who represented Holtz and his company to assert five legal claims based entirely on alleged violations of the rules of professional conduct.

Daniels denied the charges brought by the Board. At the hearing before the commission on the charges, Daniels testified he filed the renewed motion for new trial in April 2009 because at the time he had not yet received a ruling on his October 2008 motion for new trial. He believed the renewed motion was the best method to alert the trial judge to the absence of a ruling. He also testified he received the district court's ruling on the October 2008 motion for new trial and a ruling on the April 2009 renewed motion at the same time on April 27, 2009. Daniels believed the clerk of court must have inadvertently failed to mail him a copy of the ruling in January 2009. He also testified he filed the petition for relief, after filing an appeal from the order on the renewed motion for new trial, after he realized his best hope for relief would be for the district court to allow him to file a new motion for new trial due to the alleged clerical error.

The commission found the Board established Daniels violated rule 32:3.1, as alleged in counts I and II of the complaint. It found the Board failed to establish Daniels violated rule 32:3.3, as alleged in count I. The commission recommended that Daniels receive a public reprimand.

### III. Scope and Standard of Review.

We review attorney disciplinary matters de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002).

### IV. Violations.

Our rules of professional conduct prohibit a lawyer from asserting a claim or issue to the court "unless there is a basis in law and fact for doing so that is not frivolous." Iowa R. Prof'l Conduct 32:3.1. Similarly, our rule of candor towards courts prohibits a lawyer from knowingly making a false statement of fact or law to the court. *Id.* r. 32:3.3. Both rules are part of a group of rules governing advocacy by a lawyer. We must first consider the scope of these rules to decide if they apply to lawyers who represent themselves.

In *Iowa Supreme Court Attorney Disciplinary Board v. Rhinehart*, we observed that some of the rules of professional conduct governing advocacy target only conduct of an attorney while serving as an advocate representing a client. 827 N.W.2d 169, 176 (Iowa 2013). Rhinehart, who was charged with violating rule 32:3.3 based on the lack of candor he exhibited in his own dissolution-of-marriage case, was represented by an attorney. *Id.* at 173 (indicating Rhinehart's attorney was unaware of Rhinehart's failure to disclose the information). We held rule 32:3.3 did not apply to Rhinehart because he was not advocating as a lawyer when he failed to disclose information in the dissolution case, but was testifying as a witness. *See id.* at 173, 176.

Although Daniels was representing a corporation as well as himself during the course of the litigation that generated the ethics charges in this case, *Rhinehart* does not limit the application of the rules of professional conduct at issue here to Daniels's conduct in representing

the corporation. While rule 32:3.3 may target the conduct of lawyers while representing their client, it also extends to advocacy by lawyers who have themselves as a client. The rationale and need for candor in advocacy applies to self-represented lawyers with the same force as to lawyers who represent others. *See Comm. on Prof'l Ethics & Conduct v. Ramey*, 512 N.W.2d 569, 571 (Iowa 1994) ("The administration of justice entrusted to our branch of government can be rendered only when our officers can be counted upon for absolute reliability and an impeccable reputation for honesty."). Accordingly, we turn to consider each alleged violation in this case.

In addressing the charges against Daniels, we focus on the theory alleged by the Board. The charges are not predicated on the veracity of the overarching claim by Daniels that he did not timely receive a copy of the ruling filed in January 2009 by the district court on the motion for new trial.[2] The charges by the Board also do not address the propriety of pursuing a new trial following an appeal. Instead, the charge of making a false statement to the court under count I was prosecuted by the Board based on Daniels's failure to present all of the relevant procedural background of the request in his petition for relief. The Board claimed the petition constituted a false statement because Daniels failed to disclose he also filed the renewed motion for new trial. Additionally, the

---

[2]On our de novo review of the record, the allegations of clerical error as explained by Daniels at the commission hearing appear questionable. It is unlikely that a lawyer would renew a prior motion without mentioning the prior motion. It is equally unlikely that a lawyer would file a renewed motion as a means to remind a judge to rule on a prior motion by amplifying the allegations of the prior motion. It is also improbable that a lawyer would renew a prior motion to seek a ruling on the motion without first checking on the status of the motion with the clerk of court or opposing counsel. Nevertheless, Daniels was not charged with making a false statement before the commission, and Daniels has not been called upon to defend his allegations. We only address the charges brought by the Board.

charge of filing a frivolous pleading under count I was prosecuted on the theory that a petition under rule of civil procedure 1.1012 cannot be used to extend time to file an appeal from a final order or judgment. Finally, the charge of filing a frivolous pleading under count II was based solely on the proposition that a breach of an obligation under the rules of professional conduct does not supply legal grounds for a claim of civil liability. Accordingly, we proceed to consider each charge under the theory urged by the Board.

We first consider count I. A lawyer is prohibited from knowingly making a false statement of fact to the court. Iowa R. Prof'l Conduct 32:3.3(a)(1).

We agree with the Board that the omission of information by a lawyer can give rise to a false statement to the court. *See id.* r. 32:3.3 cmt. 3 ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."). However, within the context of notice pleading, we cannot conclude by a convincing preponderance of the evidence that the omission from the petition for relief identified by the Board constituted an affirmative false statement of fact. Daniels may not have captured the full background of the relief he sought, but such background was not essential to pleading his claim, and the absence of the information did not necessarily render his petition untruthful. Like the commission, we conclude Daniels did not violate rule 32:3.3(a)(1).

We next consider the charge that the petition for relief filed by Daniels was frivolous. Advocacy by a lawyer that is frivolous violates rule 32:3.1. Stated in another way, lawyers have "a duty not to abuse legal procedure." *Id.* r. 32:3.1 cmt. 1. Additionally, claims brought by lawyers

must be based both on law and fact or "a good faith argument for an extension, modification, or reversal of existing law." *Id.* r. 32:3.1.

Daniels filed his petition for relief under the authority of rule of civil procedure 1.1012. This rule allows the court to correct, vacate, or modify a final judgment in an order or grant a new trial based on grounds that include mistake, neglect, or omission of the clerk. Iowa R. Civ. P. 1.1012(1). Although Daniels did not pursue his claim with a high degree of clarity, his petition for relief sought to restart the time to appeal from the January 2009 order denying the motion for new trial.

Under our rules of appellate procedure, the supreme court is authorized to extend the time for filing a notice of appeal in the event a clerk of court fails to notify a prospective appellant of the filing of an appealable order. *See* Iowa R. App. P. 6.101(5). Furthermore, a motion to extend under rule 6.101(5) must be filed within sixty days after the prescribed time for appeal. *Id.* The Board claims the clear absence under the circumstances of the remedy requested by Daniels pursuant to the rules of appellate procedure rendered his petition for relief under rule 1.1012 frivolous.

Daniels had no available remedy under rule 6.101(5) to extend the time to file an appeal after he failed to request such relief within the sixty-day period provided under the rule. *See id.* Nevertheless, our court of appeals has recognized that the consequences of failing to seek relief under rule 6.101(5) within the sixty-day period may be addressed indirectly by filing a motion to vacate under rules of civil procedure 1.1012 and 1.1013 with the district court. *See Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000) (noting that "[a] litigant may avoid the harsh consequences of [the predecessor to rule 6.101(5)] by filing a motion to vacate or modify under [the predecessors of rules 1.1012 and

1.1013]"). This approach allows the district court to vacate an order based on the omission by the clerk and then provide a new time period to file an appeal by filing the order anew. *See In re Estate of Young*, 273 N.W.2d 388, 391 (Iowa 1978) (considering an appeal filed within thirty days of an order denying a motion to modify a substantive ruling issued seven months earlier as timely).

Although Daniels did not clearly identify his objective in filing the petition for relief, there is legal authority for the course of action he pursued. Accordingly, we conclude he did not violate rule 32:3.1 by filing the petition for relief.

Finally, we consider the charge in count II that Daniels asserted claims of civil liability that were frivolous. In his motion to amend his petition against the attorney for Holtz and the attorney's law firm, Daniels asserted claims against the attorney and his law firm that were based solely on alleged violations of the rules of professional conduct. *Daniels v. Holtz*, 794 N.W.2d 813, 825 (Iowa 2010). The rules of professional conduct do not form a basis for civil liability. *See* Iowa R. Prof'l Conduct 32 pmbl. ¶ 20; *Daniels*, 794 N.W.2d at 825. Daniels had no basis in the law to bring the claims and did not otherwise conform to the duty to present at least arguably meritorious claims to the court. Consequently, Daniels violated rule 32:3.1 by filing a motion to amend his petition to assert claims not supported by the law or by a good-faith argument for changing or extending the law. *See* Iowa R. Prof'l Conduct 32:3.1.

## V. Sanction.

We discipline lawyers for professional misconduct to protect the public and the courts and to ensure public confidence in the integrity of our system of justice. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Hearity*,

812 N.W.2d 614, 623 (Iowa 2012). In determining the proper discipline, we primarily consider the nature and extent of the violation. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Weaver*, 750 N.W.2d 71, 91 (Iowa 2008).

Frivolous claims place unnecessary burdens on the court system and diminish public confidence in our system of justice. *Cf. Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ronwin*, 557 N.W.2d 515, 520 (Iowa 1997) (indicating lawyers have an obligation not to clog the courts with frivolous claims). We have in the past suspended lawyers from the practice of law for filing frivolous matters, although these cases have been accompanied by other unethical conduct. *Id.* at 523 (revoking attorney's license to practice law for filing frivolous lawsuit against individual and making repeated unsupported allegations of criminal conduct against judges); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohnbaum*, 554 N.W.2d 550, 552 (Iowa 1996) (suspending license to practice law for three months for making misleading statements and persisting in patently frivolous position).

Because Daniels's conduct is not as severe as the conduct in *Ronwin* or *Hohnbaum*, we conclude Daniels should be publicly reprimanded. This discipline should serve to remind Daniels of his professional obligation to refrain from filing frivolous matters and to protect the integrity of the profession. It also reflects the recommendation of the commission, which we give respectful consideration. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Gottschalk*, 729 N.W.2d 812, 815 (Iowa 2007).

## VI. Conclusion.

We publicly reprimand Curt N. Daniels for asserting a frivolous claim in the course of litigation. Costs of this action are taxed to Daniels.

**ATTORNEY REPRIMANDED.**