# IN THE SUPREME COURT OF IOWA

No. 22–1646

Submitted December 14, 2022—Filed January 20, 2023

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**CURT N. DANIELS,**

Respondent.

On review of the report of the Iowa Supreme Court Grievance Commission.

The grievance commission recommends six-month suspension for ethical violations. **LICENSE SUSPENDED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Tara van Brederode, Allison Schmidt, and Alexis Grove, for complainant.

Curt N. Daniels, Chariton, pro se.

**WATERMAN, Justice.**

In 2013, we publicly reprimanded Iowa lawyer Curt N. Daniels for frivolous filings in protracted litigation against a personal adversary. *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Daniels*, 838 N.W.2d 672, 673–74 (Iowa 2013). Nevertheless, Daniels, acting as his own attorney against the same adversary, continued to pursue his personal vendetta with numerous additional frivolous court filings resulting in $15,472 in court-ordered sanctions, injunctions against new filings, and more disciplinary charges against him. A panel of the Iowa Supreme Court Grievance Commission conducted an evidentiary hearing and in thorough written findings determined that Daniels had repeatedly violated Iowa Rules of Professional Conduct 32:3.1 (prohibiting frivolous pleadings) and 32:8.4(d) (prohibiting conduct prejudicial to the administration of justice). The commission and the Iowa Supreme Court Attorney Disciplinary Board both recommend a six-month suspension along with other sanctions.[1]

On our de novo review, we find Daniels repeatedly violated both disciplinary rules. We suspend his license to practice for a minimum of six months and condition his reinstatement on payment of the $15,472 in court-ordered sanctions and compliance with the existing district court injunctions against further filings.

---

[1]An attorney member of the commission panel dissented from the six-month suspension and recommended a one-year suspension.

**I. Background Facts and Proceedings.**

Daniels, now age 84, obtained his veterinarian's license in 1965 and his law license in 1973. Daniels farmed and practiced veterinary medicine for decades and did not begin practicing law for clients until 2002, when he first accepted court-appointed criminal defense work. His civil litigation experience primarily involves representing himself and Indian Creek Corporation (ICC), a corporation he wholly owned. The protracted litigation underlying this disciplinary proceeding has its genesis in 1998, when ICC lost title to real estate in Jasper County for failing to pay property taxes. *See WSH Properties, L.L.C. v. Daniels*, 761 N.W.2d 45, 47 (Iowa 2008). Daniels's nemesis, John Holtz, and his corporation, WSH Properties, purchased the property at a sheriff's sale. *Id.* After the sale, Daniels removed equipment Holtz claims was part of the tax sale, "including pens, gates, crates, waterers, and feeders." *Id.* WSH brought a replevin action against ICC and Daniels. *Id.* WSH prevailed at trial, but the district court found the jury's award was excessive and ordered a new trial or remittitur. *Id.* at 47–48. Daniels appealed, and the court of appeals held a new trial was required. *Id.* at 48. On further review, we affirmed the judgment in favor of WSH conditioned on the filing of the remittitur. *Id.* at 53.

Daniels did not relent. In October 2008, he filed another motion for a new trial in that case alleging newly discovered evidence of perjury and discovery violations. *Daniels*, 838 N.W.2d at 674. The district court denied his motion on the merits. *Id.* In April 2009, Daniels filed a "Renewed Motion for New Trial," which the district court denied. *Id.* at 675. Daniels appealed, and while that

appeal was pending, Daniels filed another petition for relief. *Id.* That too was denied, and Daniels appealed yet again. *Id.* The court of appeals affirmed the district court in both appeals. *Id.* We publicly reprimanded Daniels for his frivolous filings in violation of Iowa Rule of Professional Conduct 32:3.1. *Id.* at 678–79.

Meanwhile, the State of Iowa won a judgment of $95,000 against Daniels and ICC for waste-handling violations on the Jasper County land. *See Daniels v. State,* No. 07–1275, 2008 WL 4569870, at *1 (Iowa Ct. App. Oct. 15, 2008). In 2006, a Holtz-owned business purchased the judgment, replacing the state as judgment creditor. *Daniels v. Holtz,* 794 N.W.2d 813, 815 (Iowa 2010). Holtz pursued collection. *Id.* On July 26, 2006, ICC's stock was auctioned at a sheriff's sale. *Id.* at 816. Holtz was the winning bidder. *Id.* Daniels sued to set aside the sale in February 2007, claiming that Holtz fraudulently chilled the bidding. *See id.* at 816–17. The district court granted Holtz summary judgment; Daniels appealed. *Id.* at 817. We concluded that a question of material fact existed whether Holtz's actions chilled bidding. *Id.* at 824. We remanded that case for trial, *id.* at 825, and the district court set aside the sheriff's sale, concluding that Holtz acted fraudulently, *Daniels v. Holtz,* No. 12–1522, 2013 WL 5743640, at *1 (Iowa Ct. App. Oct. 23, 2013). The district court denied Holtz's motion for a new trial. Holtz appealed, and the court of appeals affirmed the ruling setting aside the sheriff's sale. *Id.* at 2.

Holtz continued to pursue collection of his $95,000 judgment, and ICC's shares went to a second sheriff's sale, where they were again purchased by Holtz.

Daniels never successfully challenged the validity of the second sheriff's sale.[2] Instead, in numerous subsequent court actions, Daniels myopically continued to rely on his victory against Holtz in the *first* sheriff's sale while ignoring the legal effect of the second sale.

Daniels testified that this litigation "has plagued me for 20 years" and "so consumed" him that he has not represented any other clients since 2016. He admitted that "it just took all my time and then some." We recount highlights from what a federal judge aptly described as a "tortured history"[3]:

1. January 20, 2010: the district court denied Daniels's petition for further relief after our 2008 ruling in *WSH Properties, LLC v. Daniels*, 761 N.W.2d 45, and stated:

> Mr. Daniels seems never to run out of filings in a suit that was tried to a jury over five years ago . . . . Mr. Daniels' efforts . . . have entered the realm of abuse of the legal system.

The district court entered the following injunction against Daniels:

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendant Curt N. Daniels, whether acting for himself or as a licensed attorney, is barred from making any further filings in this matter except a notice of appeal. The clerk of court is ordered to reject and refuse to file any pleading, motion or other paper which Daniels may attempt to file in this matter.

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendant Curt N. Daniels, whether acting for himself or as a licensed attorney, is barred from filing any new actions, in this court

---

[2]Although Holtz acquired lawful ownership of ICC in the second sheriff's sale, Daniels subsequently continued to file pleadings as counsel for ICC, notwithstanding the corporation's inactive status and the absence of evidence that ICC retained him as its counsel.

[3]*Daniels v. Holtz*, No. 4:18-cv-00168-SMR-SBJ, 2019 WL 11317920, at *1 (S.D. Iowa Feb. 8, 2019) (order granting motion to dismiss lawsuit filed by Daniels against Holtz).

or anywhere else, arising out of or relating to the facts of subject matter of this action.

2. July 14, 2014: the district court denied Daniels's renewed request for a constructive trust and denied monetary awards for unjust enrichment or restitution.

3. April 6, 2016: the court of appeals affirmed the district court's denial of Daniels's requests on claim preclusion grounds. *Daniels v. Holtz*, No. 14–1290, 2016 WL 1366760, at *2 (Iowa Ct. App. Apr. 6, 2016).

4. June 2, 2016: we denied further review.

5. October 31, 2016: the United States Supreme Court denied Daniels's petition for writ of certiorari. *Daniels v. Holtz*, 137 S. Ct. 377, 377 (2016).

6. April 5, 2017: the district court dismissed Daniels's petition for "relief identical to that requested and denied twice before." In this petition, Daniels requested that the district court enter a judgment overruling the court of appeals decision of April 6, 2016. The district court pointedly responded:

> [Daniels's] request to overrule the appellate court decision defies explanation. A decision of the court of appeals is final and shall not be reviewed by any other court except upon the granting by the supreme court of an application for further review as provided in section 602.4102. . . . The Iowa Court of Appeals decision . . . filed April 6, 2016, is sound in its reasoning and unambiguous in its conclusion. Accordingly, this Court lacks both the authority and the will to contradict it.
>
>    . . . [G]iven that [Daniels has] exhausted [his] remedies . . . and failed to raise even a close case in this matter, Attorney Daniels should finally accept that the end of this litigation was reached many years ago.

7. June 9, 2017: we denied Daniels's petition for writ of certiorari.

8. July 24, 2017: upon Daniels's motion to reconsider, we confirmed our denial of Daniels's petition.

9. January 4, 2018: the district court dismissed Daniels's petition because "the issues raised in the petition have been raised before in one form or another and the decision[s] of prior judges have been affirmed on appeal."

10. April 6, 2018: we dismissed Daniels's appeal.

11. April 26, 2018: we denied Daniels's petition for rehearing and ordered Daniels "to file no additional filings in this case."

12. March 16, 2018: the district court denied Daniels's motion to vacate Holtz's $95,000 judgment. The court ruled:

> 1) jurisdiction of the district court terminated upon affirmance of the final judgment on appeal; 2) it is time-barred pursuant to Iowa R. Civ. P. 1.1013; 3) the underlying judgment remains unsatisfied and not subject to discharge pursuant to Iowa R. Civ. P. 1.1016; 4) [Daniels] did not pay the filing fee and did not support the Motion by affidavit as required by Iowa R. Civ. P. 1.1013(1); 5) and, [Daniels] failed to comply with the notice requirement of Iowa R. Civ. P. 1.1013(2).

13. November 25, 2018: the district court dismissed Daniels's petition for actual and punitive damages against Holtz, his business entities, and the attorneys and firms that represented them. Daniels had named as additional defendants the Finley Law Firm and Attorney Kermit B. Anderson; Stewart and Associates, P.C. and Attorney Robert L. Stewart; and Brick Gentry, P.C. and Attorneys James Nervig, Billy Mallory, and Matthew Cronin. In his petition, Daniels alleged that "Defendant attorneys conspired to enable[] Holtz to illegally interfere with Daniels' business relations and have illegally held Daniels in financial hostage by fraudulently testifying that the judgments were unsatisfied

and were not to be discharged" and that "Defendant law firms conspired to assist in the illegal agenda of their partner/employee attorneys by supporting their fraudulent activities and sharing in the legal fees produced." The district court, after dismissing those claims, again enjoined Daniels "from filing any new actions or filings, other than a notice of appeal from this ruling, arising out of or related to the facts or subject matter of this case or previous litigation between the parties to this action."

14. March 18, 2019: we dismissed Daniels's appeal.

15. April 16, 2019: we denied Daniels's request to reinstate his appeal.

16. February 8, 2019: the United States District Court for the Southern District of Iowa dismissed Daniels's federal lawsuit against Holtz, concluding his claims were barred under the *Rooker–Feldman* doctrine and claim preclusion. *Daniels v. Holtz*, No. 4:18–CV–00168–SMR–SBJ, 2019 WL 11317920, at *4–5 (S.D. Iowa Feb. 8, 2019).

17. April 16, 2019: the United States Court of Appeals for the Eighth Circuit summarily affirmed that dismissal. *Daniels v. Holtz*, No. 19–1461 (8th Cir. Apr. 16, 2019).

18. August 16, 2019: the district court dismissed Daniels's petition for return of property, recovery of monies, quiet title, and damages on grounds of res judicata, failure to state a claim upon which relief may be granted, and the statute of limitations.

19. September 6, 2019: the district court denied Daniels's motion for reconsideration and noted that ICC, which Daniels formerly owned and

represented, "is listed by the Iowa Secretary of State as an inactive Iowa corporation and not legally authorized to bring this suit."

20. November 4, 2020: the court of appeals reversed on grounds that claim preclusion was not established within the four corners of Daniels's petition. *Daniels v. Holtz*, No. 19–1674, 2020 WL 6484040, at *2 (Iowa Ct. App. Nov. 4, 2020).

21. March 26, 2021: we vacated the court of appeals decision and affirmed the district court's dismissal of Daniels's petition on grounds of claim preclusion because his petition referenced the prior judgment. *Daniels v. Holtz*, No. 19–1674, 2021 WL 1148886, at *2–3 (Iowa Mar. 26, 2021) (per curiam).

22. April 29, 2021: we denied Daniels's petition for rehearing.

23. October 4, 2021: the United States Supreme Court denied Daniels's petition for writ of certiorari. *Daniels v. Holtz*, 142 S. Ct. 217, 217 (2021).

24. December 28, 2021: the district court dismissed with prejudice Daniels's renewed petition for a new trial. The district court concluded:

> To grant the relief Daniels requests, this Court would have to ignore the fact that the grounds he offers have been waived or thoroughly litigated, reviewed, and rejected by several other courts.
>
> . . . .
>
> There is no other reasonable conclusion than Daniels' Renewed Petition was interposed for the improper purpose of harassing Defendants and needlessly increasing Defendants' cost of litigation, if by nothing more than demanding Defendants' attention and time.

The district court entered another injunction against Daniels:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [Daniels is] enjoined from filing any new law or equity action or

pleading, other than a Rule 904(3) motion or a notice of appeal, arising from or related to the facts or subject matter of this case or previous similar litigation between the parties to this action.

25. Daniels, representing himself and purporting to represent ICC, appealed the district court's December 28, 2021 ruling. Holtz filed a motion under Iowa Rule of Appellate Procedure 6.1006(2) seeking to affirm the district court's ruling and dismiss Daniels's appeal as frivolous. We granted that motion.

Daniels has had no fewer than ten failed bites at the apple after his original filing for additional relief. Daniels has been ordered to pay attorney fees totaling $15,472. The record shows no payments by Daniels of any of those amounts nor any payment plan. Notably, Holtz and WSH never sought reimbursement for attorney fees; rather, those sanctions were sought and obtained by the lawyers and law firms sued by Daniels.

On January 10, 2022, the Iowa Supreme Court Attorney Disciplinary Board filed a complaint against Daniels. The complaint alleged violations of Iowa Rules of Professional Responsibility 32:3.1, for frivolous litigation, and 32:8.4(d), for conduct "prejudicial to the administration of justice." Daniels responded that he has done nothing unethical because he is making a good faith effort to correct legal errors that the district court first made nearly fifteen years ago.

At the commission's two-day evidentiary hearing, Daniels continued to argue the merits of his positions in the underlying litigation. Daniels equated the disciplinary proceeding with his ongoing litigation against Holtz. Indeed, Daniels testified about his longstanding "quest for justice, *which continues today in this grievance complaint.*" (Emphasis added.)

During the commission hearing, a member of the panel asked whether Daniels would commit to desist from further filings against Holtz given the multiple court orders for him to do just that. Daniels refused, and he instead indicated he would "struggle for some distant island way off in the distance called Justice." He argued that the courts are enabling Holtz to defraud him while we use the Board's attorneys as our "attack dogs." Daniels was undeterred by our prior public reprimand for pursuing "claims not supported by the law or by a good-faith argument for changing or extending the law." *Daniels*, 838 N.W.2d at 679 (quoting Iowa R. of Prof'l Conduct 32:3.1).

The commission's seventy-one-page ruling exhaustively reviewed Daniels's litigation and found he repeatedly violated rules 32:3.1 and 32:8.4(d). The commission found numerous aggravating factors and no mitigating factors. The commission recommended a six-month suspension and that we require Daniels to pay off the $15,472 or agree to a court-approved payment plan before his readmission. The commission also urges us to require Daniels to retain outside counsel in any future litigation involving Holtz or his entities. The Board makes the same recommendations.

In his statement regarding sanctions in this appeal, Daniels persisted in rearguing the merits of the underlying litigation against Holtz, accusing the district court of failing to read his pleadings and failing to respond to the legal authority that he presented. He asserted that "[t]he enforcement of sanctions against Daniels is outrageous."

**II. Scope of Review.**

We review attorney disciplinary proceedings de novo. *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Ranniger*, 981 N.W.2d 9, 15 (Iowa 2022). The Board must prove violations of our disciplinary rules by a convincing preponderance of the evidence. *Id.* We are not bound by the commission's findings and recommendations, but we give them respectful consideration. *Id.*

**III. Analysis.**

On our de novo review, we find Daniels repeatedly violated rules 32:3.1 and 32:8.4(d). We address each rule in turn.

**A. Rule 32:3.1.** The commission's careful analysis of Daniels's voluminous filings determined that he repeatedly violated Iowa Rule of Professional Conduct 32:3.1. We agree. The rule states, in relevant part, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law." Iowa R. of Prof'l Conduct 32:3.1. We reiterate that "in order to comply with the rule, the attorney must present an 'arguably meritorious claim[] to the court.' " *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Widdison*, 960 N.W.2d 79, 87 (Iowa 2021) (alteration in original) (quoting *Daniels*, 838 N.W.2d at 678). This is the same rule that we reprimanded Daniels for violating in our 2013 decision, stating:

> Daniels had no basis in the law to bring the claims and did not otherwise conform to the duty to present at least arguably meritorious claims to the court. Consequently, Daniels violated

> rule 32:3.1 by filing a motion to amend his petition to assert claims not supported by the law or by a good-faith argument for changing or extending the law.

*Daniels*, 838 N.W.2d at 678–79.

As recounted above, an unrepentant Daniels subsequently filed numerous pleadings that the district court rejected as frivolous.[4] Our rules provide ample room for advocacy, but a claim is frivolous when, as here, "the lawyer is unable . . . to make a good faith argument on the merits." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Barnhill*, 885 N.W.2d 408, 420 (Iowa 2016) (omission in original) (quoting Iowa R. of Prof'l Conduct 32:3.1 cmt. 2). Daniels crossed over the ethical line many times. Iowa attorneys take an oath to "[c]ounsel clients to maintain only those disputes supported by law and the legal process." *See* Iowa Ct. R. 31.13(2)(*d*). Daniels made a mockery of those words in his protracted litigation against Holtz. Our de novo review confirms he repeatedly violated rule 32:3.1.

**B. Rule 32:8.4(d).** The commission's exhaustive review also determined that Daniels repeatedly violated Iowa Rule of Professional Conduct 32:8.4(d). We agree. That rule states, "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." Iowa R. of Prof'l Conduct 32:8.4(d). "An attorney's conduct is prejudicial to the administration of justice when it violates 'the well-understood norms and conventions of the

---

[4]The district court orders imposing sanctions against Daniels under Iowa Rule of Civil Procedure 1.413 do not have preclusive effect to establish violations of rule 32:3.1 in this attorney disciplinary action because of the different burden of proof, but the sanctions orders "remain valid and enforceable." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Barnhill*, 885 N.W.2d 408, 419 (Iowa 2016). We independently review the record to determine whether rule 32:3.1 was violated.

practice of law' such that it hampers 'the efficient and proper operation of the courts or of ancillary systems upon which the courts rely.' " *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Rhinehart*, 827 N.W.2d 169, 180 (Iowa 2013) (quoting *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Axt*, 791 N.W.2d 98, 102 (Iowa 2010)).

Daniels wasted judicial resources with numerous meritless filings that delayed other proceedings. His misconduct was prejudicial to the administration of justice. *See id.* Daniels demonstrated time and again his disrespect for the courts and judicial authority. Daniels brazenly urged the district court to overrule the court of appeals, and he continued to violate court orders to refrain from frivolous filings. We agree with the Board's observation that "Daniels's persistent and inexorable pursuit of the same claims over and over again against the same litigant, spanning more than a decade, is a drain on judicial resources and a blight on the justice system." We determine Daniels repeatedly violated rule 32:8.4(d).

**IV. Sanction.**

We must determine the appropriate sanction. The commission and the Board recommend a six-month suspension.[5] We give their recommendations respectful consideration. *Iowa Sup. Ct. Att'y Disciplinary Bd. v. O'Brien*, 971 N.W.2d 584, 591 (Iowa 2022). "We have no standard sanction for particular types of misconduct." *Id.* We strive for consistency with our precedents. *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Bauermeister*, 927 N.W.2d 170, 174 (Iowa 2019).

---

[5]As noted, an attorney commissioner on the panel dissented from the six-month suspension as too lenient and urged a one-year suspension.

> In determining the appropriate discipline, we consider the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue in the practice of law, as well as any aggravating and mitigating circumstances. The form and extent of the sanctions must be tailored to the specific facts and circumstances of each individual case.

*Id.* at 174–75.

Deterrence is a key factor in calibrating the sanction here because Daniels was undeterred by our 2013 public reprimand for violating rule 32:3.1 in the same protracted litigation. A suspension is now required.

We have previously imposed suspensions of up to one year for filing frivolous pleadings and conduct prejudicial to the administration of justice accompanied by other rule violations. *See, e.g.*, *Widdison*, 960 N.W.2d at 97–98 (ninety-day suspension); *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Caghan*, 927 N.W.2d 591, 607–08 (Iowa 2019) (six-month suspension of an out-of-state lawyer); *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Turner*, 918 N.W.2d 130, 154, 158 (Iowa 2018) (one-year suspension); *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Sporer*, 897 N.W.2d 69, 90 (Iowa 2017) (six-month suspension); *Barnhill*, 885 N.W.2d at 424, 427 (six-month suspension after prior sixty-day suspension for violating the same rules). A six-month suspension is warranted for Daniels based on the following aggravating circumstances.

First, we have already disciplined Daniels for essentially the same misconduct. Prior discipline is "an aggravating factor because an attorney did not learn from his or her prior misconduct." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Marzen*, 949 N.W.2d 229, 244 (Iowa 2020) (quoting *Iowa Sup. Ct. Att'y*

*Disciplinary Bd. v. Noel*, 933 N.W.2d 190, 205 (Iowa 2019)). Because Daniels's "prior disciplinary action was based on the same or similar conduct, '[t]his factor is even stronger.'" *Id.* (alteration in original) (quoting *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Goedken*, 939 N.W.2d 97, 108 (Iowa 2020)).

Second, Daniels has shown no remorse for his continued unethical behavior. *See Ranniger*, 981 N.W.2d at 19. Quite the contrary—when questioned about what he learned from our prior reprimand, he doubled down at trying to justify his litigation campaign against Holtz.

Third, Daniels has ignored court orders and injunctions to refrain from more frivolous filings and persisted in his misconduct. "[A]n attorney who cannot respect a court order 'lacks the required fitness to practice law.'" *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Sears*, 933 N.W.2d 214, 222 (Iowa 2019) (quoting *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Gailey*, 790 N.W.2d 801, 807 (Iowa 2010)). The fact that an attorney believes that his litigation campaign "has become his life's cause" does not allow him to disregard court orders to desist. *In re Davey*, 973 N.Y.S.2d 67, 69–70 (App. Div. 2013) (per curiam). So it is with Daniels, who could not commit to giving up his case against Holtz despite multiple injunctions and sanctions. Daniels's persistence in prosecuting his frivolous claims is a significant aggravating factor. *See Widdison*, 960 N.W.2d at 96.

The commission found no mitigating circumstances, and we agree with that finding. Daniels himself raises no mitigating circumstances. His twenty-two-page statement on sanctions filed in this appeal is devoid of contrition and simply rehashes his view of the merits of the underlying litigation,

falsely accuses the Board of misrepresenting his filings, and blames the trial judge for misunderstanding the law. On balance, we determine that a six-month suspension is warranted.

The Board and commission recommend that we require Daniels to pay off the $15,472 in court-ordered sanctions as a condition of his reinstatement. We agree. *See Caghan*, 927 N.W.2d at 608 (requiring proof of payment of sanctions); *Turner*, 918 N.W.2d at 157 (same). Daniels must present proof of payment in full before he may be reinstated.

The Board and commission also recommend that Daniels be required to retain an attorney to represent him in any further litigation against Holtz or his entities. We decline to impose that requirement.[6] But we require Daniels to obey the existing injunctions against additional filings against those parties. *See In re Disciplinary Action Against Ulanowski*, 800 N.W.2d 785, 804 (Minn. 2011) (barring suspended lawyer from representing himself while license suspended).[7]

---

[6]The Board acknowledges that we have not previously imposed this "exact sanction" but notes other jurisdictions have imposed disciplinary sanctions that restricted the lawyer's area of practice or required the lawyer to practice with an experienced supervising attorney when representing clients. *See, e.g.*, *In re Reardon*, 759 A.2d 568, 581 (Del. 2000) (per curiam) (limiting practice areas and requiring an attorney "practice monitor" during probation period); *In re Reinstatement of Nemec*, 799 N.W.2d 370, 372 (N.D. 2011) (per curiam) (requiring supervising attorney). That is a different matter than forcing an attorney litigating his own claims and defenses pro se to retain a lawyer. Iowans generally enjoy a right of self-representation. Requiring Daniels to retain defense counsel if Holtz sues him raises due process issues. However, Daniels cannot represent any corporation while under suspension. Corporations in Iowa judicial proceedings can be represented only by a licensed attorney. *Hawkeye Bank & Tr., Nat'l Ass'n v. Baugh*, 463 N.W.2d 22, 25 (Iowa 1990) (adopting "the general rule that a corporation may not represent itself through nonlawyer employees, officers, or shareholders").

[7]Daniels cannot evade those injunctions against new filings against them merely by hiring his own lawyer to sign them.

Daniels may face contempt proceedings, including jail, if he violates the injunctions. We repeat this admonition:

> [T]he problems in this case would likely have been avoided if [Daniels] had not decided to represent himself in matters related to a stressful [personal dispute]. This case is a textbook example of why in difficult emotionally challenging circumstances the assistance of a qualified and objective lawyer is desirable in light of the risk that a pro se lawyer with clouded judgment will cross the Rubicon of our ethical rules and then double down on resulting misconduct.

*Widdison*, 960 N.W.2d at 98.

### V. Disposition.

We suspend Daniels's license to practice law with no possibility of reinstatement for a minimum period of six months from the filing of this opinion. This suspension applies to all facets of the practice of law. *See* Iowa Ct. R. 34.23(3). Daniels must comply with the client and counsel notification requirements of Iowa Court Rule 34.24. Daniels also must comply with the existing injunctions against further litigation and as a condition of reinstatement, must fully pay off the $15,472 in court-ordered sanctions. Costs of this action are taxed to Daniels pursuant to Iowa Court Rule 36.24(1).

**LICENSE SUSPENDED.**